David and Elaine KAMMER,
Plaintiffs–Respondents,

v.

COHEN APPLIANCE & T.V. CENTER,
INC., Defendant–Appellant.

No. 54430.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 20, 1988.

Shelly Madden, St. Louis, for defendant-appellant.

Randy M. Smith, St. Louis, for plaintiffs-respondents.

REINHARD, Judge.

Defendant appeals from a summary judgment on its petition for review of a default judgment rendered against it.[1] We affirm.

The parties have not included the original or amended petition for damages, or the original or amended petition for review in the legal file. The legal file does contain an affidavit from which it appears plaintiffs in their petition for damages alleged they purchased a refrigerator which defendant sold and installed, and claimed property damage caused by the manner in which defendant installed the refrigerator. The petition apparently further alleged defendant is a registered Missouri corporation.

The record shows that after being unable to serve process on defendant's registered agent because he was dead, plaintiffs served an alias summons and petition on the secretary of state. Defendant did not file an answer or appear. The court entered a default judgment against defendant in the amount of approximately $4,000.00 which became final. Subsequently defendant filed its petition for review contending that neither the secretary of state nor the plaintiffs had notified it of the default judgment until after it became final. Plaintiffs filed a motion for summary judgment attaching affidavits and documents showing the secretary of state had sent by certified mail a copy of the alias summons and petition to defendant's registered agent which was returned marked "unclaimed" and with a notation that he was deceased. The court sustained plaintiffs' motion.

On appeal defendant claims the court erred because plaintiffs "failed to obtain personal service of process on [defendant] in that [defendant] received no notification of the complaint filed against it either from [plaintiffs] or from the Secretary of State as required by Missouri law. RSMo 506.-150 (sic)."

 The rule governing summary judgments, Rule 74.04, was modified slightly effective January 1, 1988. Since the summary judgment in this case was entered January 22, 1988, the new rule applies. Our standard of review follows. In a motion for summary judgment the movant must state with particularity the grounds for the motion. Rule 74.04(c). If the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show there is no genuine issue as to any material fact and that the movant is

---

1. Although a petition for review was available here, we note petitions for review are no longer available as of January 1, 1988. Rule 74.06(d).

entitled to judgment as a matter of law his motion for summary judgment must be sustained. Rule 74.04(c); *Edwards v. Heidelbaugh,* 574 S.W.2d 25, 27 (Mo.App.1978). If there is the slightest doubt about the facts, a material issue of fact exists for purposes of avoiding a summary judgment. *Edwards,* 574 S.W.2d at 27. During our review, we must scrutinize the record in the light most favorable to the party opposing summary judgment and give that party the benefit of every doubt. *Id.* at 26–27.

Section 506.150, RSMo 1986, sets out the numerous ways a domestic corporation may be served and the general requirements applying thereto. One way service may be obtained is to serve process upon "any .... agent authorized by appointment or required by law to receive service of process...." § 506.150.1(3), RSMo 1986. In this case plaintiffs served process on the secretary of state as substituted registered agent of defendant since he was required by law to become an agent of the corporation for service when defendant failed to maintain its appointed registered agent;

> In the event that a corporation shall fail to ... maintain a registered agent in this state, then the secretary of state as long as such default exists shall be automatically appointed as an agent of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served. Service on the secretary of state of any process, notice or demand against a corporation shall be made by delivering to and leaving with him, or with any clerk having charge of the corporation department of his office, a copy of such process, notice or demand....

§ 351.380.1, RSMo 1986. Defendant consented to the statutory authorization of the secretary of state as a substituted agent for service, § 351.380.1, RSMo 1986, and the statutory methods for service on it, § 506.150.1(3), RSMo 1986, when it incorporated in Missouri. *Molasky Enterprises, Inc. v. Carps, Inc.,* 615 S.W.2d 83, 86–87 (Mo.App.1981).

Here, the secretary of state as substituted registered agent of defendant was personally served by the sheriff with the petition and summons. To refute a sheriff's return, clear and convincing evidence must be presented to overcome the presumption that the return is regular. *Hoffman v. Quality Chrysler Plymouth Sales, Inc.,* 706 S.W.2d 576, 579–81 (Mo.App. 1986). No evidence was presented to the court to refute the sheriff's return.

Under its point on appeal defendant argues § 506.150.1(3), RSMo 1986, makes the trial court's entry of default judgment against it erroneous because the record does not contain a return receipt showing acceptance of the notice of the summons and petition the secretary of state mailed to the corporation nor a returned envelope showing refusal of the notice by defendant.

Section 506.150.4 reads in pertinent part as follows:

> Service of the summons and petition upon a defendant ... may be made by the plaintiff or by any person authorized to serve process ... by registered or certified mail, return receipt requested and delivery restricted to the addressee. Service pursuant to this subsection shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant....

§ 506.150.4, RSMo 1986. The intent of the legislature as shown by the plain and ordinary meaning of the words in the statute, *Metro Auto Auction v. Director of Revenue,* 707 S.W.2d 397, 401 (Mo. banc 1986), is to authorize service of process upon a defendant by the use of certified or registered mail, but not to set out the secretary of state's duties in notifying a corporation that he has been served as its agent for service.

The manner in which the secretary of state notifies a corporation that he has been served as an agent of the corporation for service is procedural. *Jackman v. Century Brick Corporation of America,* 412 S.W.2d 111 (Mo.1967). In this case the manner in which the secretary of state sent notice was authorized by Rule 54.15. Rule

54.18, §§ 351.380.1 and 506.150.1(3), RSMo 1986.

We hold the trial court did not err in granting summary judgment to plaintiff where the record shows the court obtained personal jurisdiction over defendant when the summons and petition were served on the secretary of state as substituted registered agent of defendant.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.