Ralph G. JONES, Lois G. Jones, James P. Murray, and Elenor Murray, Respondents,

v.

FLITELINE MOTORS, INC., Appellant.

No. WD 43819.

Missouri Court of Appeals, Western District.

May 14, 1991.

Glenn E. McCann, James E. Impey, Kansas City, for appellant.

H. George Lafferty, Jr., Kansas City, for respondents.

Before LOWENSTEIN, J., Presiding, and TURNAGE and FENNER, JJ.

LOWENSTEIN, Judge.

Fliteline Motors, Inc. ("Fliteline"), an Arkansas corporation, appeals the trial court's denial of its motion to set aside or vacate a default judgment rendered against it and in favor of the plaintiffs-respondents.

The critical issue on appeal is whether service of process upon a foreign corporation operating in Missouri after its charter had been forfeited was sufficient to give notice that a law suit had been filed against it.

Fliteline was incorporated in 1970 as an Arkansas corporation for the repair of automobile engines. It became authorized to transact business in Missouri, but the record shows, Fliteline lost its authorization to transact business in Missouri on January 1, 1982, because it failed to file an annual report and a foreign affidavit. As of May 1984 Fliteline ceased doing business in Missouri and maintained no offices, agents, employees or business locations in Missouri after that time. Fliteline contracted with Montgomery Ward & Co., Inc.,

to lease premises in Kansas City, Missouri. The lease term began November 15, 1980, and ended November 30, 1984. Montgomery Ward conveyed the leased property to the respondents.

On September 10, 1985, the respondents filed this petition in Jackson County Circuit Court alleging that Fliteline moved out of the leased premises in April 1984 and owed $14,000 in unpaid rent, as well as other amounts for other alleged damages.

First Attempt at Service

On September 20, 1985, the circuit court issued a summons directing that service be made upon Russell Kephart, registered agent of Fliteline Motors at 306 Locust Street in Kansas City. The summons was returned non est and that service could not be made because Fliteline was no longer at the 306 Locust address.

Second Attempt at Service

On November 9, 1985, the respondents requested that the Jackson County Department of Civil Records have Fliteline served by the sheriff of Cole County upon the Missouri Secretary of State's office under §§ 506.150 and 506.510, RSMo 1986. The court issued an alias summons requesting that service be made upon Fliteline through its registered agent Russell Kephart at the 306 Locust address. The Cole County Sheriff's return states, however, that service was attempted under § 351.630, *infra.* The Missouri Secretary of State executed an affidavit which stated that it attempted to serve Fliteline in care of Kephart at the Locust address but its registered mailing was returned because delivery was not completed.

After a default hearing was conducted September 28, 1988. The trial court entered a default judgment October 1, 1988. When Fliteline received a demand letter from the respondents on May 7, 1990, it then filed this motion to set aside or vacate.

The contested service was made under § 351.630 RSMo 1978 (REPEALED and replaced by § 351.594 (1990)), which provides:

1. Service of process in any suit, action, or proceeding, or service of any notice or demand required or permitted by law to be served on a foreign corporation may be made on such corporation by service thereof on the registered agent of such corporation. Whenever any foreign corporation **authorized to transact business in this state** shall fail to appoint or maintain in this state a registered agent upon whom service of legal process or service of any such notice or demand may be had, ... or **whenever the certificate of authority of any foreign corporation shall be forfeited,** then and in every such case the secretary of state shall be **irrevocably** authorized as the agent and representative of such foreign corporation to accept service of process, or service of any notice or demand required or permitted by law to be served upon such corporation. Service on the secretary of state of any such process, notice or demand against any such foreign corporation shall be made by delivering to and leaving with him, or with any clerk having charge of the corporation department of his office, duplicate copies of such process, notice, or demand.

2. In the event that any process, notice, or demand is served on the secretary of state, he shall immediately cause a copy thereof to be forwarded by registered mail, return receipt requested, **addressed to the secretary of such corporation at its principal office as the same appears in the records of the secretary of state.** (Emphasis added.)

Fliteline raises several points, but one is dispositive of this appeal. It alleges the trial court erred in overruling its motion to set aside or vacate the default judgment because the judgment was void in that improper service failed to give the court personal jurisdiction over Fliteline.

Fliteline argues that the secretary of state failed to meet the requirement of subsection (2), of § 351.630 because it sent the notice to the registered agent at the Kansas City address instead of to the corporate secretary at the principal office as that address appeared in the secretary of state's records. The record shows the secretary of state possessed Fliteline's annual registration report for 1980, which contained the name of the corporate secretary and a complete Arkansas address.

Valid service of process is a prerequisite to in personam and in rem jurisdiction. *State ex rel. Ferrocarriles Nacionales De Mexico v. Rutledge,* 56 S.W.2d 28, 37, 331 Mo. 1015 (Mo.1932). Failure to comply with statutory requirements governing process deprives the court of authority to adjudicate. *State ex rel Northwest Ark. Produce v. Gaertner,* 573 S.W.2d 391, 396 (Mo.App.1978); *Moore v. Christian Fidelity Life Ins. Co.,* 687 S.W.2d 210, 213 (Mo.App.1984). Furthermore, a judgment is void if it has been entered when no valid personal jurisdiction has been obtained over the defendant. *Gerding v. Hawes Firearms Co.,* 698 S.W.2d 605, 607 (Mo.App.1985).

Relying on *Kammer v. Cohen Appliance & T.V. Center, Inc.,* 767 S.W.2d 574 (Mo.App.1988), the respondents contend that the notice requirement was satisfied once they forwarded the matter to the secretary of state, regardless of whether the secretary of state complied with § 351.630.2. In *Kammer,* the corporate defendant consented to the secretary of state's statutory authorization to act as the substituted agent for service by receiving a certificate of authority to do business in Missouri. The plaintiffs in *Kammer* first tried to serve the defendant corporation through its registered agent, but he was dead. Plaintiffs then served an alias summons and petition on the secretary of state. The secretary of state sent a copy of the alias summons by certified mail to defendant's registered agent, which was returned marked "unclaimed" with an attached note that the agent was dead. A default judgment was entered in favor of plaintiffs. The defendant corporation appealed, arguing that notice was ineffective under § 506.150 RSMo 1986. This section provides that service upon a *domestic* (as in Kammer) *or foreign* (as here) shall be made: (A) by delivering a copy of the summons and petition to an officer, partner, a

managing or general agent, or (B) by leaving the copies at any of defendant's business offices with the person in charge, or (C) by giving notice to any other agent authorized by appointment or required by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. § 506.150.1(3).

The appeals court held that the manner in which the secretary of state notifies a corporation that the secretary has been served as the corporation's agent is procedural and not substantive. *Kammer v. Cohen Appliance & T.V. Center, Inc.*, 767 S.W.2d at 576. The court held that the notice was proper and upheld the default judgment.

Although factually similar, *Kammer* does not apply here because the Cole County Sheriff's return states that service was attempted under § 351.630 and not under § 506.150. Section 506.150 does not specifically govern how the secretary of state shall serve a foreign corporation, but § 351.630 applies to the factual situation present in this case, a once chartered corporation that has failed to register. This section specifically requires that the secretary of state mail a copy of the notice to the secretary of the foreign corporation at its principal office as that address appears in the secretary of state's records. The Arkansas address was contained in the secretary of state's records. The secretary of state's failure to comply with the strict requirements of the service statute renders the notice invalid to confer personal jurisdiction over Fliteline. *State ex rel. Northwest Ark. Produce v. Gaertner*, 573 S.W.2d at 396. The judgment is void because personal jurisdiction never attached to defendant. *Gerding v. Hawes Firearms Co.*, 698 S.W.2d at 607.

The respondents argue that this court lacks subject matter jurisdiction to set aside the default judgment because § 351.635 provides that corporations failing to comply with Chapter 351 lose the right to maintain any action in Missouri courts. Respondents allege Fliteline has failed to comply with § 351.570 (REPEALED 1990), which required that foreign corporations doing business in Missouri must have a certificate of authority and, cannot maintain an action to set aside the default judgment.

The first inquiry is whether filing a motion to set aside or vacate a default judgment is an independent, affirmative use of the courts prohibited by § 351.635. *Clark v. Brown*, 794 S.W.2d 254, 256 (Mo. App.1990) holds that such a motion is an independent proceeding to be treated as a petition in an original action.

The next inquiry is whether § 351.635 bars Missouri court access to a foreign corporation that (1) was previously authorized to do business in Missouri, and (2) forfeited its charter but continued to do business in Missouri, and (3) ceased doing business in Missouri before it filed its motion to set aside or vacate the default judgment. Respondents argue that Fliteline continued to do business in Missouri at the time it filed its motion to set aside or vacate the default judgment. The record shows no evidence to support this argument. *Benham v. Cox*, 677 S.W.2d 429, 432 (Mo.App.1984) holds that § 351.635 can only be applied to deny a foreign corporation the affirmative use of Missouri courts if the corporation continues to do business in Missouri without a certificate of authority, as required by § 351.570, at the time the corporation files suit. Thus, Fliteline has access to Missouri courts in its action to set aside or vacate the default judgment.

The judgment is reversed, and the cause remanded.