In re MAY LUMBER & MATERIAL COMPANY, Debtor.

Bankruptcy No. 91–42246–2.

United States Bankruptcy Court, W.D. Missouri.

Sept. 6, 1991.

Bruce E. Strauss, Kansas City, Mo., for movants.

Norris Greer, Shughart, Thomson & Kilroy, Kansas City, Mo., for alleged debtor.

## AMENDED MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

A hearing was held upon the involuntary petition of three creditors against May Lumber & Material Company, a Missouri Corporation, located in Kansas City, Missouri. The only contested issue was whether the corporation had been properly served with the involuntary petition. Counsel for the putative debtor entered a special appearance for the purpose of contesting service.

The evidence was not extensive. Gerald E. Dryer testified that he was appointed special process server and on July 9, 1991, effected service at 2701 East 85th Street, Kansas City, Missouri, by delivering the papers to one George Bazin at the business office of the corporation. The offices were not open at the time (3:45 P.M.); George Bazin had a key with which he opened the door from the inside; he saw George Bazin and one other man at the location; George Bazin told him that the person in charge was not present.

George Bazin testified that he had been Secretary–Treasurer of the corporation as well as general manager for a number of years. The owner had been his friend and employer, George T. Hawkins. Mr. Hawkins died unexpectedly on May 11, 1991. Bazin resigned on May 14, 1991. Mrs. Hawkins laid off all the employees as of May 30 or 31st. Bazin's name came off the bank account May 30th. Mrs. Hawkins is 76 years old and Bazin is 66 years old. He does occasional favors for Mrs. Hawkins like letting the auction people into the busi-

ness on July 9, 1991. He has a key but has no authority. He has received no compensation from the corporation since sometime between May 14th and May 30th, 1991. He was not directing or supervising the auction people on July 9th but let them in as a favor to Mrs. Hawkins.

Petitioning creditors introduced, without objection, a copy of the 1990 Annual Registration Report from the Missouri Secretary of State's Office showing George T. Hawkins as President and Director, Ethel Hawkins as Vice–President and a Director, and George Bazin as Secretary/Treasurer as well as a Director. The Registered Agent was shown to be George T. Hawkins.

The Court ruled that the involuntary petition had not been served properly on the putative debtor. The Court reasoned as hereafter set out. Rule 4(d)(3) of the Rules of Civil Procedure provides:

> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

It also calls into play Rule 4(e) which provides:

> (e) **Summons: Service Upon Party Not Inhabitant of or Found Within State.** Whenever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the

state, or (2) for service upon or notice to such a party to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of the party's property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule.

The Court believes the testimony of Mr. Bazin that indicates that by June 1, 1991, there were no employees of the corporation and that he had resigned as Secretary, Treasurer, General Manager and Director. Thus the specific mode of service set out in Rule 4(d)(3) was not accomplished. Turning to the alternative of Rule 4(e), this brings the state rules into play.

The general Missouri statute is R.S.Mo. Section 506.150.1(3). It provides:

> (3) Upon a domestic or foreign corporation or upon a partnership, or other unincorporated association, when by law it may be sued as such, by delivering a copy of the summons and of the petition to an officer, partner, a managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof, or to any other agent authorized by appointment or required by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant;

Once again, the requirements thereof are not met in view of Mr. Bazin's very credible testimony that he was not an officer, an agent nor the person having charge of the office. It follows then that if the putative debtor has not been properly served, the putative debtor is not subject to adjudication as a debtor in this case.

There is one other section of the Missouri statutes that the parties might wish to consider. That is R.S.Mo. Section 351.-380(1) which might be used to resolve all questions. See *Kammer v. Cohen Appliance & T.V. Center, Inc.,* 767 S.W.2d 574 (Mo.App.1988). The Court will not adjudicate the putative debtor at this time. The petitioning creditors may wish to take further action in conformity with this Opinion.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under rule 7052, Rules of Bankruptcy.

SO ORDERED.