**SCHUH CATERING, INC.,**
**Plaintiff/Respondent,**

v.

**COMMERCIAL UNION INSURANCE**
**COMPANY, Defendant/Appellant.**

**No. 69811.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 5, 1996.

Russell F. Watters, T. Michael Ward, Brown & James, P.C., St. Louis, for defendant/appellant.

William L. Sauerwein, St. Louis, for plaintiff/respondent.

GERALD M. SMITH, Judge.

Commercial Union Insurance Company appeals from the denial of its motions to set aside a default judgment rendered against it. We reverse and remand.

Schuh Catering, Inc. filed suit against Commercial and American States Insurance Company seeking a declaratory judgment that their policies of insurance covered a loss sustained by Schuh as the result of work improperly done by a contractor. Commercial had issued a General Liability, Auto and Boiler and Machinery Policy to Schuh, which Schuh contended provided coverage for the loss incurred. American States had issued a general commercial liability policy covering the contractor involved. Service as to both defendants was made on the Missouri Director of Insurance as provided for in Rule 54.15 and § 375.261 RSMo 1994. The sheriff's return of service reflected such service and, as to American States, included an affidavit of the clerk in the office of the Director of Insurance that she had notified that defendant of the action by certified mail. No similar affidavit appears in the record as to Commercial.

Upon receipt of the service papers a clerk in the office of the Director of Insurance mailed both summons and petitions to American States and sent nothing to Commercial. By affidavit she stated that she erroneously believed that Commercial was a part of American States and that notification to the latter was notice to the former. On November 9, 1995, thirty-seven days after service on the Director, Schuh sought and obtained a default judgment against Commercial containing the requested declaratory relief.

Nineteen days later Commercial filed its Motion to Set Aside Default Judgment pursuant to Rule 74.05(d). That motion was denied on December 14. On December 21, Commercial filed a Motion to Vacate, Reopen, Correct, Amend, or Modify the Court's order Denying its Motion to Set Aside. On the same date it also filed a Motion for Relief from Default Judgment under Rule 74.06(b)(4). Both motions were denied on January 4, 1996. The court ordered that pursuant to Rule 74.01(b) there was no just reason for delay in the finality of the judg-

ment and order rulings. This appeal followed.

Rule 54.15 and § 375.261 provide for service of process on the Director of Insurance. Both the Rule and statute require that the Director forthwith mail to the defendant a copy of the summons and petition by registered or certified mail with return receipt signed by the addressee only. The statute and Rule 54.20(c) provide that proof of notice is to be established by affidavit of the official mailing the notice. That affidavit is to be endorsed upon or attached to the original papers to which it relates and together with the return receipt shall be forthwith filed in the court in which the action is pending.

■ Rule 54.20 establishes the proof which must be presented to the court to establish that, in fact, the defendant has been notified of the pendency of the action. In the absence of proof of service mandated by the Rule the court lacks the proof established by the Supreme Court as necessary to determine that the court has jurisdiction of the person of the defendant. *Industrial Personnel Corporation v. Corcoran*, 643 S.W.2d 816 (Mo.App.1981)[4, 5]; *Walker v. Gruner*, 875 S.W.2d 587 (Mo.App.1994)[3]. In the absence of such proof, the court does not have jurisdiction over the defendant, unless he has consented to such jurisdiction or has waived the objection to personal jurisdiction. *Industrial Personnel Corporation, supra.* There is no proof of service in this record.

There is no consent or waiver shown in the record either. Schuh has not filed a brief in this court, although in the trial court it asserted waiver. This was based on the defendant allegedly raising other issues in the trial court at the time of the hearing on its motion. But defendant clearly raised its challenge to personal jurisdiction at the first instance. As so quaintly expressed in *Greenwood v. Schnake*, 396 S.W.2d 723, l.c. 726 (Mo.1965): "Having once hoisted the flag at the beginning of the journey a litigant over whose person a court lacks jurisdiction need not continuously wave the flag at every way station along the route."

■ Additionally, § 375.271 RSMo 1994, provides that where service is had on the

Director of Insurance no judgment by default may be taken against the defendant until after the expiration of forty-five days from the date of service on the Director. Only thirty-seven days elapsed here between the service and the default judgment.

For both these reasons the default judgment was void and defendant's motions, particularly the one premised on Rule 74.06(b)(4) should have been sustained.

Judgment reversed and cause remanded.

CRANE, P.J., and PUDLOWSKI, J., concur.