**Janet GROOMS, Individually and as Personal Representative of the Estate of Harold Grooms, Appellant,**

v.

**GRANGE MUTUAL CASUALTY COMPANY, Respondent.**

No. ED 77337.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 24, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 21, 2000.

Application for Transfer Denied
Dec. 27, 2000.

Michael W. Blanton, Blue Springs, Lisa D. Krempasky, St. Louis, for appellant.

Beth C. Boggs, Victor T. Avellino, Boggs, Backer & Bates, St. Louis, for respondent.

RICHARD B. TEITELMAN, Judge.

Appellant Janet Grooms appeals an order entered in the Circuit Court of the City of St. Louis setting aside a default judgment that the court had previously entered in her favor against Respondent Grange Mutual Casualty Company. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 15, 1998, Appellant Janet Grooms filed a petition in the Circuit Court of the City of St. Louis stating claims for breach of contract, negligence and bad faith against Respondent Grange Mutual Casualty Company (hereinafter "Grange Mutual"). Specifically, Appellant alleged that she and her husband were involved in a series of two automobile collisions on April 15, 1996, that resulted in severe injuries to Appellant and the death of her husband. She alleged that Grange Mutual was her insurer at the time of the collisions, that she had complied with all terms of her policy of insurance with Grange Mutual, that she had made claims against her policy with Grange Mutual for uninsured and underinsured coverage, and that Grange Mutual had denied these claims and had failed to negotiate a settlement in good faith.

On May 5, 1998, a copy of Appellant's summons and petition were served upon the Director of the Department of Insurance in Jefferson City, Missouri (hereinafter "the Director"). However, the Director found the Summons and Petition to be insufficient and immediately returned them to Appellant without forwarding a

copy of either to Grange Mutual. In his letter of May 5, 1998, to Appellant's counsel returning the documents, the Director stated, "The Department will endeavor to effect service of process pursuant to statute when the above defects are cured and the corrected documents are served on us."

The alleged defects were never cured by Appellant, nor were any further pleadings or summons sent by Appellant to the Department of Insurance.

Grange Mutual did not file an answer to Appellant's petition and on July 17, 1998, a default judgment was entered in favor of Appellant against Grange Mutual on Counts I, II and III. Appellant voluntarily dismissed Count IV against Grange Mutual without prejudice.

On September 7, 1999, upon learning of the default judgment, Grange Mutual filed a Motion to Set Aside the Default Judgment. It based its motion on the fact that service was defective and improper, so that the default judgment was void due to lack of personal jurisdiction over Grange Mutual. After oral argument and the submission of briefs, the trial court issued a written order granting the Motion.

Appellant now argues that the trial court abused its discretion in setting aside the default judgment because (1) service was valid to confer jurisdiction in that service was complete upon delivery of the summons and petition to Grange Mutual's agent as designated by Section 375.906,

RSMo 1994;[1] and (2) Appellant's action was not solely an action on a policy of insurance, in that it included an independent tort claim of bad faith.

## DISCUSSION

■ Before considering the merits of Appellant's appeal, we must first consider our jurisdiction. "Finality of a judgment is a jurisdictional prerequisite, and no appeal lies absent a final judgment." *Continental Basketball Ass'n v. Harrisburg Professional Sports, Inc.*, 947 S.W.2d 471, 473 (Mo.App. E.D.1997). An appeal will not lie from an order setting aside a default judgment within thirty days after entry of judgment because during the thirty-day period, "a default judgment is 'within the breast of the court' and not yet final." *Klaus v. Shelby*, 4 S.W.3d 635, 637 (Mo.App. E.D.1999) (citation omitted). In the case at bar, Grange Mutual moved to set aside the default judgment more than thirty days after it was entered, and the trial court's order setting aside the default judgment was entered over three months later. Therefore, Appellant may appeal the trial court's order. *See Casper v. Lee*, 245 S.W.2d 132, 135, 362 Mo. 927 (Mo. 1952) (citation omitted).[2]

■ The appeal at bar raises questions of law that we review independently, rather than for abuse of discretion, because the issues focus on the trial court's finding that the default judgment was void for lack

---

1. All further statutory references are to RSMo 1994 unless otherwise indicated.

2. We note further that while Rule 74.05(d) provides that motions to set aside default judgment should be filed within one year, this case involves a question of trial court jurisdiction over Grange Mutual, and not a "meritorious defense" and "good cause," as contemplated by the rule. A court's judgment to grant or to deny a motion to set aside a default judgment is independent of the underlying judgment. *See Moore v. Baker*, 982 S.W.2d 286, 288 (Mo.App. W.D.1998); *Kueper v. Murphy Distributing*, 834 S.W.2d 875, 878 (Mo.App.1992); *Clark v. Brown*, 794 S.W.2d 254, 256 (Mo.App.1990). A judgment entered

against a party by a court lacking personal jurisdiction over such party is void. *Shapiro v. Brown*, 979 S.W.2d 526, 528 (Mo.App. E.D. 1998) (citation omitted). "A default judgment, being void due to lack of jurisdiction, remains void forever, and any kind of proceeding to cancel it is proper." *Id.* See, also *Worley v. Worley*, 19 S.W.3d 127, 128 (Mo. banc 2000), in which the Missouri Supreme Court recently considered a case in which a party sought to set aside a default because of improper service of process ore than two years after the judgment was entered, determining that a default judgment entered without jurisdiction may be attacked collaterally.

of jurisdiction. *Cook v. Polineni*, 967 S.W.2d 687, 690 (Mo.App. E.D.1998).[3]

## I

■ Appellant first argues that the trial court erred in granting Grange Mutual's Motion to Set Aside Default Judgment on the basis that service was invalid to confer personal jurisdiction over Grange Mutual, because service was complete upon delivery of the summons and petition to Grange Mutual's agent as designated by Section 375.906, RSMo.1994, and was therefore valid to confer jurisdiction.[4] We disagree.

No dispute exists regarding whether or not Appellant complied with Section 375.906 in delivering the summons and petition to the Director. Neither do the parties dispute that the Director failed, as is required by Section 375.261 and Rule 54.15(b), to mail a copy of the summons and petition to Grange Mutual.

This Court has previously held that both Rule 54.15 and Section 375.261, RSMo 1994, require that the Director mail to the defendant a copy of the summons and petition by registered or certified mail with return receipt signed by the addressee. *Schuh Catering, Inc. v. Commercial Union Ins. Co.*, 932 S.W.2d 907, 908 (Mo. App. E.D.1996). Rule 54.20 establishes the proof that must be presented to the court to establish that the defendant has in fact been notified of the pendency of the action. *Id.* "In the absence of proof of service mandated by the Rule the court lacks the proof established by the Supreme Court as necessary to determine that the court has jurisdiction of the person of the defendant." *Id.*, citing *Industrial Personnel Corporation v. Corcoran*, 643 S.W.2d 816 (Mo.App.1981).

Though the record in the case at bar establishes that the Appellant served the Director with a petition and summons, the record does not reflect that the Director then served Grange Mutual. In the absence of such proof, the trial court lacked jurisdiction over Grange Mutual unless Grange Mutual consented to such jurisdiction or waived the objection to personal jurisdiction. The record is devoid of evidence indicating consent or waiver.[5]

■ Valid service of process is a prerequisite to in personam jurisdiction. *Jones v. Fliteline Motors, Inc.*, 809 S.W.2d 179, 181 (Mo.App. W.D.1991). "Failure to comply with statutory requirements governing process deprives the court of authority to adjudicate." *Id.* (citations omitted). When a court enters judgment when no valid personal jurisdiction has been obtained over the defendant, the judgment is void. *Id.*

3. Both parties have stated that our standard of review is for abuse of discretion. This assertion is incorrect. Rule 74.05(d) provides, in pertinent part, as follows:

Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.

Thus, the trial court generally must determine whether a defendant has pled a meritorious defense or shown good cause, and we subsequently review that determination for an abuse of discretion. In the case at bar, however, the trial court was asked to discern whether or not Grange Mutual received valid service of process. The determination of jurisdiction is a question of law that we consider de novo. *See Laser Vision Ctrs., Inc. v. Laser Vision Ctrs. Int'l, SpA*, 930 S.W.2d 29, 31 (Mo.App. E.D.1996).

4. All further statutory references are to RSMo 1994 unless otherwise indicated.

5. Further, we note that Grange Mutual raised its challenge to personal jurisdiction at the first possible instance. As so aptly quoted by Judge Smith in *Schuh Catering*, "Having once hoisted the flag at the beginning of the journey a litigant over whose person a court lacks jurisdiction need not continuously wave the flag at every way station along the route." *Schuh Catering, Inc. v. Commercial Union Ins. Co.*, 932 S.W.2d at 908, citing *Greenwood v. Schnake*, 396 S.W.2d 723, 726 (Mo.1965).

The trial court lacked jurisdiction over Grange Mutual when it entered the default judgment in Appellant's favor. Therefore, the trial court did not err in setting aside the default judgment. Point denied.

II

Appellant next argues that the trial court erred in granting Grange Mutual's Motion to Set Aside Default Judgment on the basis that service was not binding under Section 375.906, with regard to an action on a policy of insurance, because Appellant's action was not solely an action on a policy of insurance in that Appellant's petition included an independent tort claim of bad faith.

In light of the holding in *Schuh Catering*, Appellant's argument is devoid of merit. Section 375.906(4) requires, as do Section 375.261 and Rule 54.15, that the Director forward process to the defendant to effectuate service of process. Appellant does not dispute that the Director failed to forward the petition and summons to Grange Mutual, and thus failed to notify Grange Mutual of the pending action against it. As such, the trial court lacked jurisdiction over Grange Mutual and did not err in setting aside the default judgment. Point denied.

The order of the trial court setting aside the default judgment is affirmed.

ROBERT G. DOWD, Jr., P.J. and MARY RHODES RUSSELL, J., concur.