**John SOUCY, Respondent,**

v.

**Barbara SOUCY, n/k/a Barbara Turner, Appellant.**

**No. 73494.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 27, 1998.

Leonard J. Frankel & Elaine A. Pudlowski, St. Louis, for appellant.

Michael A. Turken, St. Charles, for respondent.

CRANDALL, Judge.

Wife, Barbara Soucy, n/k/a Barbara Turner, appeals from the trial court's dismissal of her motion to set aside the decree of dissolution of her marriage to husband, John Soucy. We reverse and remand.

The facts, as gleaned from the allegations in wife's motion to set aside the decree of dissolution, were that the marriage of the parties was dissolved on October 4, 1996. A separation agreement, which was incorporated into the decree, divided the marital property and awarded wife two separate deferred compensation accounts belonging to husband. When wife attempted to transfer the accounts to herself, she was informed that the accounts were not transferable. At that time, the value of the accounts totaled about $60,000.00. Husband refused to cooperate in facilitating the transfer of the accounts. Wife alleged there was a "mutual mistake" in that both parties thought the accounts were transferable at the time the marital property was divided.

On August 21, 1997, wife filed the present motion to set aside the judgment pursuant to Rule 74.06(b) on the basis of mistake. Husband filed a motion to dismiss in which his only assertion was that the court "lacks authority and jurisdiction to amend, set aside, or otherwise modify the Decree of Dissolution." After a hearing, the trial court sustained husband's motion, but did not state the reason for doing so. On appeal, we presume the trial court's dismissal of the motion to set aside was on one or more of the grounds specified in husband's motion. *See*

*Mo. Real Estate and Ins. Agency, Inc. v. St. Louis County,* 959 S.W.2d 847, 849 (Mo.App. E.D.1997).

 Wife's sole point on appeal is that the trial court erred in dismissing her motion on the grounds that the court was without jurisdiction or without authority to act.[1] We first consider husband's claim that the court was without jurisdiction.[2] A court should grant a motion to dismiss for lack of subject matter jurisdiction whenever "it appears" that the court lacks such jurisdiction. Rule 55.27(g)(3). Once a factual question of the court's jurisdiction is raised, the movant bears the burden of demonstrating that the court's exercise of jurisdiction is improper. *Parmer v. Bean,* 636 S.W.2d 691, 694 (Mo. App.1982).

Here, wife filed a motion to set aside the decree of dissolution pursuant to Rule 74.06(b) and alleged mistake regarding the transferability of the accounts awarded to her in the division of marital property. Rule 74.06(b) provides in pertinent part, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...." Rule 74.06(b) permits a decree of dissolution, as well as any division of property incorporated or included therein, to be set aside for the reasons listed above and for additional reasons enumerated in the rule. *Spicuzza v. Spicuzza,* 886 S.W.2d 660, 661 (Mo.App. E.D. 1994). Wife's allegations placed her motion within the purview of Rule 74.06(b).[3]

Wife's motion to set aside also complied with Rule 74.06(c) which required the motion be made "within a reasonable time and ... not more than one year after the judgment or order was entered." In the instant action, the decree of dissolution was entered on October 4, 1996 and wife filed her motion to set aside the judgment on August 21, 1997. Wife's motion was filed within the requisite one-year period and there was no evidence in the record that it was not filed within a reasonable time.

Given that wife's motion on its face was proper under Rule 74.06(b), husband failed to sustain his burden of proving that the court was without jurisdiction. In his motion to dismiss, he did not set forth any facts negating the court's jurisdiction. There was no transcript of the hearing on the motion to dismiss. Nor did husband file a brief for this court's consideration. From the scant record before us we cannot say that husband established that the court was without jurisdiction to entertain wife's Rule 74.06(b) motion.

We next consider husband's allegation that the court lacked "authority" over wife's action. Here, again, husband's motion to dismiss neither proffered a specific rationale for the court's lack of authority nor set forth facts supporting the court's lack of authority. The meager record on appeal did not disprove the court's "authority" to act on wife's motion.

Based on the record before us, the court erred in granting husband's motion to dismiss. Wife's point on appeal is granted.

The judgment of the trial court is reversed and remanded for a hearing on the merits.

ROBERT G. DOWD, Jr., C.J., and CLIFFORD H. AHRENS, J., concur.

---

1. Ordinarily, under Rule 67.03, an involuntary dismissal is without prejudice unless the court specifically notes otherwise. But, an appeal from such a dismissal can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum. *T.A.H. v. J.L.H.,* 969 S.W.2d 338, 339 n. 1 (Mo.App. E.D.1998). Here, the dismissal has the practical effect of terminating the litigation and thus an appeal lies from that ruling.

2. Lack of subject matter jurisdiction can arise in two ways. First, the movant may allege that the pleadings fail to establish jurisdiction as a matter of law. In that situation the facts are stipulated, and the question of jurisdiction is purely one of law. Second, the movant may allege that certain conditions of jurisdiction do not exist, and thus raises a factual issue. *Parmer v. Bean,* 636 S.W.2d 691, 694 n. 1 (M0.App.1982).

3. We do not reach the issue of whether relief under Rule 74.06(b) was wife's exclusive remedy. Here, that was the only relief requested.