Kenneth T. STRONG, Respondent,

v.

### AMERICAN STATES PREFERRED INSURANCE COMPANY, Appellant.

No. ED 79360.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 20, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 26, 2001.

Application for Transfer Denied Feb. 26, 2002.

Thomas Michael Ward, Robert W. Cockerham St. Louis, MO, for appellant.

James R. Stein, St. Louis, MO, for respondents.

MARY R. RUSSELL, P.J.

American States Preferred Insurance Company ("Insurer") appeals the denial of its motion to set aside a default judgment entered against it in favor of Kenneth T. Strong ("Insured"). Insurer asserts in its points on appeal that the trial court erroneously denied its motion to set aside the default judgment because the trial court lacked personal jurisdiction over Insurer for two reasons. First, Insurer claims the trial court lacked personal jurisdiction because of Insurer's proof that it did not receive service of process and therefore had no notice of the claim prior to entry of the default judgment. Second, Insurer asserts the trial court's entry of the default judgment failed to comply with the requirements of section 375.271 RSMo 2000 [1] for default judgments against insurance companies because the Missouri Department of Insurance did not forward the summons and petition to Insurer by registered or certified mail with return receipt

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

requested pursuant to section 375.261. We affirm the trial court's refusal to set aside the default judgment.

Insurer issued an automobile insurance policy to Insured that covered two cars, both of which were reported missing sometime between October 13 and October 20, 1998. Approximately two months later, Insured filed a claim with Insurer on the policy, and Insurer denied coverage. Insured stated that the cars had been stolen, but Insurer believed its investigation proved otherwise and refused to pay the claim.

Insured filed petition for breach of contract and vexatious refusal to pay an insurance claim on August 5, 1999, and requested that notice of the suit be served on the Director of the Missouri Department of Insurance ("Director"), which occurred August 18. Director then mailed the notice to Insurer on August 19, in accordance with section 375.906. No response was received from Insurer, and Insured subsequently moved for a default judgment, which was entered on December 17.

Insured's attorney first contacted Insurer on December 20, 2000, after more than a year had passed since entry of the default judgment, inquiring as to when Insurer intended to pay. Insurer shortly thereafter moved to set aside the default judgment on the grounds it had never received notice of the suit. Insurer proffered affidavits from two of its employees that the notice forwarded by Director had never been received.

The trial court denied the motion to set aside the default judgment, and Insurer appeals, arguing that the trial court lacked personal jurisdiction to enter the default judgment for two reasons. In its first point on appeal, Insurer contends it proved by uncontroverted testimony that it never received service of process or other notice of the claim.

■■■ The determination of personal jurisdiction is a question of law. *Grooms v. Grange Mut. Cas. Co.*, 32 S.W.3d 618, 620–21 (Mo.App.2000). Therefore, in evaluating whether Insurer received valid service of process, we review the trial court's decision *de novo. Id.*

■■■ Service of process must conform to the manner and form established by law to invoke the court's jurisdiction. *Moore v. Christian Fid. Life Ins. Co.*, 687 S.W.2d 210, 213 (Mo.App.1984). Statutes mandate the requirements for process and service, and when the procedures are not followed, a court lacks power to adjudicate. *Id.* We must therefore look first to the applicable statutes to determine whether the requisites for effective service of process were met.

Section 375.906[2] establishes requirements for service on foreign insurance

---

2. Section 375.906, titled "Foreign companies to appoint director to receive service—methods—penalty," provides in pertinent part:

1. No insurance company or association not incorporated or organized under the laws of this state shall directly or indirectly issue policies, take risks, or transact business in this state, until it shall have first executed an irrevocable power of attorney in writing, appointing and authorizing the director of the division of insurance of this state to acknowledge or receive service of all lawful process, for and on behalf of the company ... and consenting that service upon the director shall be deemed personal service upon the company.

2. Service of process shall be made by delivery of a copy of the petition and summons to the director of the division of insurance, the deputy director of the division of insurance, or the chief clerk of the division of insurance at the office of the director of the division of insurance ... and service as aforesaid shall be valid and binding in all actions brought by residents of this state

companies doing business within the state. Insurer is such a company. Before these foreign insurance companies can conduct business in Missouri, they must execute in writing an irrevocable power of attorney authorizing Director to acknowledge or receive service of process on their behalf in any action. *Id.* This power of attorney must include an insurer's consent "that service upon the director shall be deemed personal service upon the company." *Id.* If a company does not execute the requisite power of attorney, it forfeits the right to do business in the state. Section 375.906.4.

Section 375.906.5 requires Director to forward the process immediately "by first class mail prepaid and directed to the secretary of the company." It also requires Director to keep a permanent record of all process served, including the plaintiffs' and defendants' names, the court issuing the summons, and when and by whom the service was accomplished. *Id.*

▆ Insurer contends it presented uncontroverted evidence that it did not receive notice. Director, however, filed an affidavit that the notice was mailed to Insurer "by first class mail prepaid as provided by section 375.906.5."

▆ When deciding to conduct business in Missouri, Insurer, as a foreign company, consented that service upon Director con-

stituted personal service upon itself. Sections 375.906.1, 375.256. In effect, Insured authorized Director to receive process on its behalf. *State Farm Mut. Auto. Ins. Co. v. Ryan*, 766 S.W.2d 727, 728 (Mo.App. 1989). "For purposes of service of process, this appointment of the [Director] is the functional equivalent of designating a registered agent." *Id.*

There is no dispute that Director received and acknowledged service of process on Insurer's behalf in this case, and that Director forwarded it to Insurer as required by section 375.906.5. *Cf. Grooms*, 32 S.W.3d at 621 (*reversing* trial court's refusal to set aside default judgment where the director undeniably returned the summons and petition to the insured and failed to forward them to the insurer). Insurer claims that it did not receive the service of process from Director. The statute, however, merely requires that Insurer's *de facto* agent, Director, receive process and mail it to Insurer, to which Director attested having done. *See* section 375.906. As the requirements of section 375.906 have been met, Insurer's first point is denied.

▆ In its second point, Insurer contends that Director was required to send the service by registered or certified mail, return receipt requested, in accordance with section 375.261.[3] Other methods of

... or upon any liability accrued in this state....

....

5. Whenever process is served upon the director of the division of insurance, the deputy director of the division of insurance, or the chief clerk of the division of insurance under the provisions of this section, the process shall immediately be forwarded by first class mail prepaid and directed to the secretary of the company....

3. Section 375.261, titled "Service of process—procedure," provides:

1. Service of process as provided herein shall be made by delivery of two copies of the summons, with copies of the petition thereto attached, to the director of the insurance division of this state, or in his absence to the deputy director of the insurance division, or in the absence of both the director and deputy director, to the chief clerk of the division of insurance, at the office of the director of the insurance division of this state at Jefferson City, Missouri. The director of the insurance division shall forthwith mail by certified mail, with return receipt requested, one of the copies of the

service may have adequately conferred personal jurisdiction over Insurer on these facts. *See* section 375.276[4] and Rule 54.18.[5] Insured's service on Director nonetheless was in compliance with section 375.906 and sufficed to confirm personal jurisdiction on Insurer as a foreign company.

Insurer claims that section 375.271,[6] which establishes criteria for a plaintiff to receive a default judgment against an insurance company, requires that Insured comply with the service of process procedures outlined in section 375.261 before it can attain a default judgment against Insurer. The reference in section 375.271 to section 375.261 states that the plaintiff cannot receive a default judgment unless adequate service was accomplished forty-five days prior on the director, the director's "deputy or chief

> summons, with petition thereto attached, to the defendant at its last known principal place of business, and shall keep a record of all process so served upon the director, deputy director or chief clerk, and the date of service, and the return receipt showing delivery thereof to the defendant shall be filed therewith.
> 2. The director of the insurance division, upon receiving the return receipt, shall so certify the fact to the clerk of the court in which the action is pending. The service of process shall be deemed sufficient provided notice of service, and a copy of the summons, with a copy of plaintiff's petition thereto attached, are sent certified mail, with return receipt requested, within ten days after service of process upon the director of the insurance division, or his deputy or chief clerk, as aforesaid, by plaintiff or plaintiff's attorney to the defendant at its last known principal place of business, and the return receipt therefor issued by the post office and the affidavit of plaintiff or plaintiff's attorney showing compliance with the aforesaid provisions are filed in the office of the clerk of the court in which the action is pending on or before the date the

clerk as provided in section 375.261," or upon other persons per section 375.266. In this context, the reference merely refers to the clause in section 375.261 permitting service on the director's subordinates should the director be unavailable for service, and it does not alter the applicable method of service for the claimant.

Section 375.906 delineates the rules applicable for service of process on Director in lieu of serving foreign companies directly. Insurer incorrectly attempts to substitute the requirements of section 375.261 for those of section 375.906. Insured's service of process in accordance with section 375.906 was in compliance with service on a foreign insurance company. Service on Insurer was not required to conform to the preconditions of section 375.261. Point denied.

> defendant is required to appear and defend the cause of action.
>
> 4. Section 375.276 states that "[n]othing contained [in sections 375.256 to 375.271] shall limit or abridge the right of the plaintiff to serve any process, notice or demand upon any insurance company, association, or other insurer in any other manner now or hereafter permitted by law."
>
> 5. Rule 54.18 provides: "Where a statute contains provisions for a method of service, service may be made pursuant to the provisions of the statute or as provided by these Rules."
>
> 6. Section 375.271, titled "Plaintiff entitled to default judgment, when" provides:
>
> > No plaintiff shall be entitled to a judgment against the defendant by default under this section until after the expiration of forty-five days from the date of service of summons with copy of plaintiff's petition thereto attached upon the director of the insurance division, his deputy or chief clerk as provided in section 375.261, or upon either of the persons referred to in section 375.266.

We affirm the trial court's decision to refuse to set aside the default judgment.

ROBERT G. DOWD, JR., J., and MARY K. HOFF, J., concur.