Notley MADDOX, Jr., et al., Appellants,

v.

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Respondent.

No. ED 96220.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 25, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 2011.

Application for Transfer Denied Jan. 31, 2012.

Irwin M. Roitman, St. Louis, MO, for appellants.

James A. Harfst, St. Louis, MO, for respondent.

## KENNETH M. ROMINES, J.
### Facts and Procedural History

Appellant Notley Maddox, Jr. ("Maddox") appeals the judgment of the Circuit Court of Montgomery County setting aside a previously entered default judgment, and denying a motion to revive the judgment filed by Maddox. We affirm.

Maddox filed a petition for money damages or in the alternative, for equitable relief, on 4 November 1998 in the Montgomery County Circuit Court. The circuit clerk prepared a summons with the attached petition for service on respondent State Automobile Mutual Insurance Company ("State Auto") through the Director of the Department of Insurance ("Director"). The Cole County Sheriff's office submitted a "Return of Service" stating that it had served the Director with the summons. The Return of Service was filed with the Montgomery County Circuit Clerk's office on 13 November 1998. In a letter dated 19 November 1998,[1] the Director returned the pleadings to Maddox's attorney because "You failed to include the proper forms or number of forms for acknowledgment of service (See section 375.261 RSMo. And 20 CSR 800.2.020 Service of Process.)." The Director stated that it would "endeavor to effect service of process pursuant to statute when the above defects are cured and the corrected documents are served on us." Nothing in the record indicates that Maddox attempted to correct the alleged defects, or otherwise sought relief from the Director's re-

jection of process through the circuit court. Without any indication that the Director mailed the petition to State Auto or that it received any actual notice of the suit, on 3 October 2000, the circuit court entered a default judgment on the petition against State Auto for $446,200.

Maddox inexplicably took no action on the default judgment for nearly a decade. On 21 September 2010, Maddox filed a motion to revive the judgment. The circuit court issued an order directing State Auto to show why the default judgment should not be revived. The record reflects that both the motion and show cause order were properly served on the Director and forwarded to State Auto. On 19 October 2010, State Auto filed a motion to set aside the default judgment, and memorandum opposing the revival of the judgment. On 28 February 2011, the circuit court entered a judgment denying Maddox's motion to revive, granting State Auto's motion to set aside the default, and setting aside the 2 October 2000 default judgment as void. Aggrieved, Maddox now appeals.

### Discussion
#### I.

■ In Maddox's first point on appeal, he argues that the circuit court erred in setting aside the default judgment and denying the motion to revive.[2] Maddox argues that the circuit court originally had personal jurisdiction to enter the default judgment because service of process was complete when the Cole County Sheriff served the summons on the Director and submitted the Return of Service to the

---

1. The legal file is ambiguous as to whether the date is 14 November 1998, or 19 November 1998. Regardless, this does not alter the analysis.

2. The circuit court did not specify reasons for its judgment. However, at a hearing on 10

January 2011, State Farm argued that the default judgment was void because the circuit court originally lacked jurisdiction as State Farm had not been properly served through the Director.

Montgomery County Circuit Clerk for filing. We disagree.

■ The determination of personal jurisdiction is a question of law. *Grooms v. Grange Mut. Cas. Co.*, 32 S.W.3d 618, 620–21 (Mo.Ct.App.E.D.2000). Therefore, in evaluating whether State Auto received valid service of process, we review the circuit court's decision *de novo. Id.*

■ Service of process must conform to the manner and form established by law to invoke the court's jurisdiction. *Strong v. American States Preferred Ins.*, 66 S.W.3d 104, 106 (Mo.App. E.D.2001). "Statutes mandate the requirements for process and service, and when the procedures are not followed, a court lacks power to adjudicate." *Id.* As such, we first look to the applicable statutes to determine whether service was sufficient.

State Auto is a foreign insurance company authorized to do business within the state. Section 375.906 sets out the service requirements for such companies.[3] Insurers must execute an irrevocable power of attorney authorizing the director of the department of insurance to receive service of all lawful process. § 375.906.1. Service of process is made "by delivery of copy of the petition and summons to the director." § 375.906.2. After service on the director,

"the process shall immediately be forwarded ... and directed to the secretary of the company." § 375.906.5. The director is also required to keep a permanent record of all processes served. *Id.*

The record establishes that State Auto executed a power of attorney to the Director, and that Maddox, through the Cole County Sheriff's Office, delivered a copy of the summons to the Director. However, the Director declined to forward the pleadings to State Auto until Maddox furnished the proper forms or number of forms as required by § 375.261.[4] Whether or not the Director had such authority,[5] upon receiving the rejection in November of 1998, Maddox could have sought relief directly from the circuit court in the form of an order instructing the Director to forward the pleadings to State Auto notwithstanding the Director's rejection. Alternatively, Maddox could have simply met the Director's concerns by correcting the alleged defects. He took neither of these actions, and instead immediately sought a default judgment.

■ To establish the proof necessary to supply the circuit court with personal jurisdiction to enter the default judgment, the requirements of Rule 54.15 [6] and Rule

---

3. Mo.Rev.Stat. § 375.906 (2006).

4. Mo.Rev.Stat. § 375.261 provides an alternative procedure for service on an insurer through the director. It differs from § 375.906 primarily by requiring the delivery of two copies of the summons on the director. *Id.* It also specifically requires the director to seek a return receipt and certify it to the clerk of the court. Even under this process, however, the proof requirements of Rule 54.15 and Rule 54.20(c), *see infra* n.5 and n.6, must still be met.

5. A collateral issue is whether the Director had the authority to reject the service for noncompliance with a statute. Nothing in the cited statute provides the Director with

such discretion, nor do any of the other relevant service of process statutes or Rules discussed in this opinion. The Director arguably serves in a ministerial capacity, and has no authority to refuse to forward the pleadings to the insurer. Nonetheless, such a determination is not necessary to this appeal for reasons discussed herein.

6. Mo. R. Civ. P. 54.15. Service on Secretary of State, Secretary of Public Service Commission and Director of Insurance.

(a) Service of Process. Service of process on the ... director of insurance shall be made by serving a copy of the summons and petition, together with any remittance fixed by statute, on the respective official.

54.20(c) [7] must also be met. *See Grooms,* 32 S.W.3d at 621 (internal citations omitted). Rule 54.15 supplements § 375.906 by additionally requiring the Director to request a signed return receipt from the addressee when forwarding the pleadings. "Rule 54.20 establishes the proof which must be presented to the court to establish that, *in fact,* the defendant has been notified of the pendency of the action. In the absence of proof of service mandated by the Rule the court lacks the proof established by the Supreme Court as necessary to determine that the court has jurisdiction of the person of the defendant." *Schuh Catering, Inc. v. Commercial Union Ins. Co.,* 932 S.W.2d 907, 908 (Mo.App. E.D. 1996) (internal citations omitted) (emphasis added). "In the absence of such proof, the court does not have jurisdiction over the defendant, unless he has consented to such jurisdiction or has waived the objection to personal jurisdiction." *Id.* There is no proof of service in this record.

Rule 54.20(c) specifically requires the Director file an affidavit of the mailing of the pleadings together with the return receipt in order to prove the notice requirement of Rule 54.15. Though the record establishes that Maddox attempted to serve the Director, there is no affidavit or return receipt indicating that the Director then served State Auto. Therefore, the requisite proof of service was never established.

Valid service of process is a prerequisite to personal jurisdiction, and failure to comply with statutory requirements of process deprives the court of authority to adjudicate. *See Grooms,* 32 S.W.3d at 621. "When a court enters a judgment when no valid personal jurisdiction has been obtained over the defendant, the judgment is void." *Id.* Because the circuit court originally lacked jurisdiction over State Auto when it entered the default judgment in 2000, the judgment is void. Therefore, the circuit court did not err in setting aside the default judgment on this ground.

## II.

Maddox raises two additional claims: (1) whether the circuit court erred in considering "Exhibit A" when vacating the default judgment; and (2) whether the circuit court erred in denying the motion to revive. First, "Exhibit A" is copy of the letter the Director returned to Maddox explaining the reasons for declining to forward the pleadings to State Auto. The issue is not determinative because regardless, the record is still devoid of proof that State Auto was *in fact* given notice as required by Rule 54.20(c). Therefore, we should decline to reach the merits of the claim. Second, for reasons discussed above, the original default judgment was void when entered. Therefore, the circuit court did not err in denying the motion to revive.

The service of process shall be made as provided in Rule 54.13 or Rule 54.16.
(b) Notice to Defendant. The ... director ... shall forthwith mail to the defendant at the defendant's last known address a copy of such service and a copy of the summons and petition. The mailing shall be by registered or certified mail requesting a return receipt signed by addressee only.
. . . .

**7.** Mo. R. Civ. P. 54.20. Proof of Service

(c) Certificate of Secretary of State, Secretary of Public Service Commission and Director of Insurance—Mailing of Notice. The notice specified in Rule 54.15 shall be proved by the affidavit of the official mailing of such notice. The affidavit shall be endorsed. upon or attached to the original papers to which it relates and it, together with the return registered or certified mail receipt, shall be forthwith filed in the court in which the action is pending.

The judgment of the trial court is affirmed.

KATHIANNE KNAUP CRANE, P.J. and LAWRENCE E. MOONEY, J., concur.