

*In the*

*Missouri Court of Appeals*

*Western District*

| | |
|---|---|
| **RAY CHARLES BATE AND DEBORAH SUE BATE,** ) | |
| ) | |
| ) | **WD76086** |
| **Appellants,** ) | |
| ) | **OPINION FILED:  April 29, 2014** |
| **v.** ) | |
| ) | |
| **GREENWICH INSURANCE COMPANY,** ) | |
| ) | |
| ) | |
| **Respondent.** ) | |

**Appeal from the Circuit Court of Boone County, Missouri**
The Honorable Christine Carpenter, Judge

Before Division Three:  Thomas H. Newton, Presiding Judge, Mark D. Pfeiffer, Judge
and Cynthia L. Martin, Judge

Ray and Deborah Bate (the "Bates") appeal from the trial court's judgment setting aside a default judgment obtained against Greenwich Insurance Company ("Greenwich"), a foreign insurance company, because there was no valid service, and therefore no personal jurisdiction.  At issue is whether the *method* of serving process described in section 375.906[1] is subject to the *proof* of service requirements described in Missouri

---

[1]All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

Supreme Court Rules 54.15 and 54.20.[2]  Because we conclude that section 375.906 is supplemented by the proof of service requirements set forth in Rules 54.15 and 54.20, we affirm, and remand this matter to the trial court for further proceedings consistent with this opinion.

## Factual and Procedural History

On March 8, 2008, the Bates were each seriously injured in a motor vehicle accident when Rocky Wells ("Wells"), the operator of another vehicle, crossed the center line and struck the Bates' vehicle.  The Bates filed a lawsuit against Wells and obtained a judgment in the total amount of $3,000,000.

On August 24, 2009, the Bates filed a first amended petition against Greenwich seeking underinsured motorist coverage up to the amount of the judgment entered against Wells.[3]  The Bates served Greenwich by delivering a copy of the petition and summons to the Director of the Missouri Department of Insurance ("Director") who then forwarded the pleadings to Greenwich by first class mail.  The sheriff's return showing service on the Director, and the Director's affidavit verifying that the pleadings were sent by first class mail to Greenwich, were filed with the court in September, 2009.

---

[2]All Supreme Court Rule references are to Missouri Court Rules (2013), unless otherwise indicated.
[3]The Bates' lawsuit was initiated on March 30, 2009 against Cambridge Integrated Services Group, Inc. and Cintas Corporation.  The first amended petition added Greenwich as a defendant.  Cambridge Integrated Services Group, Inc. and Cintas Corporation were later dismissed by the Bates.  Cintas Corporation is the named insured in the Greenwich policy of insurance under which the Bates sought coverage.  The alleged relationship between the Bates (who are seeking underinsured motorist coverage) and the defendants named in the first amended petition is not explained in the record.

Greenwich did not answer the first amended petition. On March 29, 2010, the Bates obtained a default judgment against Greenwich in the amount of the judgment received against Wells.[4]

On August 6, 2012, Greenwich filed an entry of limited appearance to contest the default judgment on the basis of a lack of personal jurisdiction. Greenwich also filed a motion to set aside the default judgment as void pursuant to Rule 74.06(b)(4).[5] Greenwich argued that the Bates were required, but failed, to effect service of process in the manner described in section 375.261. That statute would have required the summons and petition served upon the Director to be sent by the Director to Greenwich by *certified mail*, and would further have required the filing of a *return receipt* signed by Greenwich and the Director's affidavit of statutory compliance with the court. Greenwich asserted that it never received notice of the pending lawsuit prior to the entry of default judgment.

The Bates replied arguing that they had not attempted to effect service of process on Greenwich pursuant to section 375.261, but instead made service of process pursuant to section 375.906, which only required the Director to send the summons and petition to Greenwich by *first class mail*. The Bates argued that Rule 54.18 permitted them to elect this method of service.

---

[4]Per the record, a default judgment was initially entered on March 22, 2010, but was later corrected and entered on March 29, 2010.

[5]"Rule 74.06(b)(4) provides that a 'court may relieve a party or his legal representative from a final judgment or order . . . [if] the judgment is void.'" *Christianson v. Goucher*, 414 S.W.3d 584, 588 (Mo. App. W.D. 2013). "Courts favor finality of judgments, so the concept of a void judgment is narrowly restricted. A judgment is void under Rule 74.06(b)(4) only if the circuit court that rendered it (1) lacked subject matter jurisdiction; (2) lacked personal jurisdiction; or (3) entered the judgment in a manner that violated due process." *Sieg v. Int'l Envtl. Mgmt., Inc.*, 375 S.W.3d 145, 149 (Mo. App. W.D. 2012) (internal citation omitted).

3

On September 4, 2012, Greenwich filed an amended motion to set aside the default judgment pursuant to Rule 74.06(b)(4) which alleged that the trial court lacked personal jurisdiction to enter the default judgment because the method of service described in section 375.906 is supplemented by Rule 54.15 and Rule 54.20 which require proof of service on Greenwich by filing a *certified or registered mail return receipt* with the court.[6] In response, the Bates again asserted that Rule 54.18 permitted them to elect their method of service, and that as a result, Rule 54.15 and Rule 54.20 did not apply to section 375.906.

Following a hearing, the trial court took the matter under advisement. On January 29, 2013, the trial court entered an order denominated "final judgment" ("Judgment") which granted Greenwich Rule 74.06(b)(4) relief from the default judgment. The trial court concluded that "there was no valid service of process and therefore no personal jurisdiction" over Greenwich.

The Bates appeal.

## Jurisdiction

The practical effect of the trial court's grant of Rule 74.06(b)(4) relief was to restore the pendency of the Bates' first amended petition. Though not raised by the parties, we have a duty to examine our jurisdiction *sua sponte* to ascertain whether the trial court's Judgment is a final judgment for purposes of appeal. *Walker v. Brownel*, 375

---

[6]Greenwich asserted all three grounds for voiding a judgment identified in Rule 74.06(b)(4) in its amended motion. However, the trial court granted the amended motion for the stated reason that it lacked personal jurisdiction to enter the default judgment because Greenwich was not validly served. Because we affirm the trial court's judgment on that basis, we need not address the additional Rule 74.06(b)(4) grounds raised by Greenwich in the amended motion.

4

S.W.3d 259, 261 (Mo. App. E.D. 2012).  This precise issue was addressed in *Kibbons v. Union Electric Co.*, 823 S.W.2d 485 (Mo. banc 1992).  In that case, Union Electric argued that a trial court's grant of Rule 74.06(b) relief "was not a final appealable order." *Id.* at 489.  Our Supreme Court explored the common law underpinnings of Rule 74.06(b), and concluded that motions for relief from a judgment under Rule 74.06(b) are "in the nature of an independent proceeding." *Id.* at 90.  As such, the court concluded that "[a]n order entered pursuant to a Rule 74.06(b)[] motion is appealable." *Id.*; *see also Levine v. Hans*, 923 S.W.2d 357, 360 (Mo. App. W.D. 1996) ("An order granting relief under Rule 74.06 is an appealable order.").  We therefore have jurisdiction to entertain this appeal, even though the Judgment restored the pendency of the Bates' first amended petition.

## Standard of Review

The trial court found that "there was no valid service of process and therefore no personal jurisdiction" over Greenwich, necessitating the grant of Greenwich's Rule 74.06(b)(4) motion voiding the default judgment in favor of the Bates.  Although the trial court did not explain its conclusion, we presume the explanation is consistent with the argument made in Greenwich's amended motion--that the Bates failed to ***prove*** service of process on Greenwich as required by Rules 54.15 and 54.20. *See Soucy v. Soucy*, 979 S.W.2d 504 (Mo. App. E.D. 1998) (holding that a trial court's disposition of a motion to set aside a judgment is presumed to be on grounds specified in the motion).

"'[W]hether a judgment should be vacated because it is void is a question of law that we review *de novo;* we give no deference to the circuit court's decision.' *De novo*

5

review means that we will apply the same standard that applied below." *Sieg v. Int'l Envtl. Mgmt., Inc.,* 375 S.W.3d 145, 149 (Mo. App. W.D. 2012) (internal citation omitted).

## Analysis

The Bates raise a single issue on appeal. They argue that they properly served Greenwich pursuant to section 375.906 and that Rule 54.18 permitted them to elect this method of service, negating the applicability of Rules 54.20 and 54.15.

Rule 54.18 provides: "Where a statute contains provisions for **a method of service**, service may be made pursuant to the provisions of the statute or as provided by these Rules." (Emphasis added.) The Bates contend that this Rule permitted them to disregard any other Rules addressing service of process, and to elect to serve process pursuant to section 375.906. Section 375.906 addresses service of process on *authorized* foreign insurance companies,[7] defined as insurance companies organized under the laws of a state other than Missouri who have:

> [E]xecuted an irrevocable power of attorney in writing, appointing and authorizing the director of the department of insurance . . . of this state to acknowledge or receive service of all *lawful* process, for and on behalf of the company, in any action against the company, instituted in any court of this state, . . . and consenting that service upon the director shall be deemed personal service upon the company.

---

[7] In contrast, section 375.261 has been construed to address service of process on *unauthorized* foreign insurance companies defined by section 375.256 as foreign insurance companies who have undertaken certain specified actions in Missouri, but who have failed "to file written power of attorney appointing and authorizing the director of insurance of this state to acknowledge or receive service of all lawful process for and on behalf of the insurance company . . . as provided in section 375.906." *See* 20 CSR 800-2.010. Greenwich concedes that it had a power of attorney on file with the Director authorizing it to accept service on its behalf, though it contests whether the Bates' claim and/or the policy at issue are within the scope of section 375.906.

6

Section 375.906.1 (emphasis added).[8]  Section 375.906 describes how process must be

served on the Director, and how the Director must thereafter notify the authorized foreign

insurance company of the pending lawsuit:

> 2.  Service of process shall be made by delivery of a copy of the petition and summons to the director of the department of insurance, . . . the deputy director of the department of insurance, . . . or the chief clerk of the department of insurance, . . . at the office of the director of the department of insurance, . . . and service as aforesaid shall be valid and binding in all actions brought by residents of this state upon any policy issued or matured, or upon any liability accrued in this state . . . .

> . . . .

> 5. Whenever process is served upon the director of the department of insurance, . . . the deputy director of the department of insurance, . . . or the chief clerk of the department of insurance . . . under the provisions of this section, the process shall immediately be forwarded by *first class mail* prepaid and directed to the secretary of the company . . . .; provided , that there shall be kept in the office of the director of the department of insurance, . . . a permanent record showing for all process served the name of the plaintiff and defendant, the court from which the summons issued, the name and title of the officer serving same, and the day and hour of the service.

Section 375.906.2, .5 (emphasis added).[9]

The Bates argued that they were permitted to serve process on Greenwich as

provided by section 375.906, and that they complied with the requirements of section

---

[8]Whether service is lawful is further addressed in section 375.906.2, which directs that service pursuant to section 375.906 "shall be valid and binding" as to certain policies or claims therein described.  Greenwich made the additional argument in its Rule 74.06(b)(4) motion that the Bates' claim and/or Greenwich's policy at issue did not qualify to permit use of the method of service of process described in section 375.906.  Because we otherwise conclude that service of process here was ineffective to confer personal jurisdiction over Greenwich, we need not address this issue.

[9]In contrast, section 375.261 addressing service on "unauthorized" foreign insurance companies, requires service on the Director in the same manner as section 375.906, but that notice of the lawsuit be sent by the Director to the foreign insurance company by certified mail, return receipt requested.

7

375.906. The Bates argue that given the plain language of Rule 54.18, nothing more was required to confer personal jurisdiction over Greenwich.

The Bates' reliance on Rule 54.18 "confuses the difference between **method** of service and **proof** of service." *Industrial Personnel Corp. v. Corcoran*, 643 S.W.2d 816, 818 (Mo. App. E.D. 1981). In *Industrial*, the Eastern District rejected the argument that service in compliance with a statute confers personal jurisdiction as a matter of law by virtue of the operation of Rule 54.18. *Id*. The court observed:

> It is a fundamental precept of jurisprudence in this nation that the rights of a party may not be adjudicated in the absence of notice to that party of the pendency of the litigation. . . . In order to protect this guarantee of due process, the courts and legislative bodies have devised an elaborate set of rules. One aspect of those rules is to insure that in fact the notification reaches the defendant. Those provisions relate to the persons who may be served who are deemed sufficiently reliable to insure that notification will, in fact, be given to the defending party. . . . **Those rules deal with the method by which service may be effectuated**.
>
> The **second aspect of the rules is to establish that the proper method of service has been obtained**. **This is the province of Rule 54.20**. It establishes the proof which must be presented to the court to establish that, in fact, the defendant has been notified of the pendency of the action. In the absence of proof of service in accord with the rule, the court lacks the proof established by the Supreme Court as necessary to determine that the court has jurisdiction of the person of the defendant. In the absence of such proof, the court does not have jurisdiction to determine the rights of the defendant, unless he has consented to such jurisdiction or has waived the objection to personal jurisdiction. . . . With the exceptions noted, **proper service itself is inadequate to confer jurisdiction in the absence of the rule mandated proof of that service**.

*Id*. (internal citations omitted) (emphasis added).

Given the holding in *Industrial*, if we assume, *arguendo*, that the **method** of service described in section 375.906 was lawful given the nature of the Bates' claim and

8

the Greenwich policy,[10] and if we assume that the Bates complied with section 375.906, we are nonetheless left to discern whether *proof* of service as required by Rule 54.15 and Rule 54.20 was established by the Bates. *Id.*

Section 375.906 does not require either proof of service on the Director, or proof that notice was mailed by the Director to the defendant insurance company, be filed in the court where the action is pending.[11] The Bates concede that section 375.906 makes no provision for the filing of documentation in the court where the action is pending designed to "establish that, in fact, [Greenwich] [was] notified of the pendency of the action." *Industrial,* 643 S.W.2d at 818. The Bates argue that although section 375.906 did not require them to do so, they nonetheless filed proof of service in the trial court.[12] It is in fact true that the sheriff's return showing service of the summons and petition on the Director was filed on September 18, 2009, and that the Director's affidavit verifying that the summons and petition had been sent to Greenwich by *first class mail* was filed on September 4, 2009. [L.F. 41-42] The question presented is whether this "proof of service" comports with Rule 54.20, since "Rule 54.20 sets forth the proof which a plaintiff must present to the court to establish that the proper method of service has been followed." *Russ v. Russ*, 39 S.W.3d 895, 897 (Mo. App. E.D. 2001); *see also* 15 Mo.

---

[10]*See* footnote number 8.

[11]In contrast, section 375.261 expressly requires the Director's affidavit of compliance with the statute to be filed in "the office of the clerk of the court in which action is pending," along with the return receipt verifying receipt of notice by the defendant insurance company.

[12]Though not raised by the Bates, we acknowledge that 20 CSR 800-2.010, "adopted pursuant to the provisions of section 374.045," to "implement sections 375.256, 375.261, 375.281, 375.906 and 379.680" provides that where service is effected on an authorized insurance company such that the Director sends the summons and petition to the company by first class mail, "[a] designee of the [D]irector shall . . . forward an affidavit of service to the appropriate court." The Bates' filing of the Director's affidavit that the summons and petition were sent to Greenwich by first class mail appears to have complied with this regulation.

Prac. Civil Rules Practice section 54.18 (Leslie Culver, 4th ed. 2012), Author's Comment

("[Rule] 54.18 recognizes the permissibility of statutory methods of service, as well as

the methods provided for in the rules. . . . Even under the statutory methods of service,

proof of service must still comply with [Rule] 54.20.").

Rule 54.20, titled "Proof of Service," provides, in pertinent part:

**(a) Within the State--Officer's Return--Affidavits of Service.**

(1) Every officer to whom summons or other process shall be delivered for service within the state shall make return thereof in writing as to the time, place and manner of service of such writ and shall sign such return.

This subdivision addresses proof of the initial service of a summons and petition.  In the

case before us, the initial service of the summons and petition was made on the Director,

and was thus within the State.  The sheriff's return of service filed with the court on

September 18, 2009 appears to comply with Rule 54.20(a)(1).[13]

Greenwich argues that compliance with Rule 54.20(a)(1) was not enough to

"prove service."  Because service of a summons and petition on the Director always

requires the further step of *notice* to the defendant insurance company,[14] the proof of

*notice* provisions set forth in Rule 54.20(c) must also be satisfied, according to

Greenwich.  Rule 54.20(c) provides:

**(c) Certificate of Secretary of State, Secretary of Public Service Commission and Director of Insurance—Mailing of Notice.** *The notice specified in Rule 54.15* shall be proved by the affidavit of the official

---

[13]The printed name of the "sheriff or server" and the written name of the "sheriff or server" on the return of service do not match, an issue not raised by Greenwich in its Rule 74.06(b) motion.  We express no opinion, therefore, as to whether this discrepancy renders the return of service materially irregular. *Cf., Gerding v. Hawes Firearms Co.*, 698 S.W.2d 605, 607 (Mo. App. E.D. 1985) ("If the return or proof of service is deficient on its face, the court acquires no jurisdiction over the party allegedly served.").

[14]*See* sections 375.906 and 375.261.

10

mailing such notice.  The affidavit shall be endorsed upon or attached to the original papers to which it relates and it, ***together with the return registered or certified mail receipt***, shall be forthwith filed in the court in which the action is pending.

(Emphasis added).  Rule 54.15, titled "Service on Secretary of State, Secretary of Public Service Commission and Director of Insurance," provides in pertinent part:

> **(a)  Service of Process.**  Service of process on the . . . director of insurance shall be made by serving a copy of the summons and petition, together with any remittance fixed by statute, on the respective official.  The service of process shall be made as provided in Rule 54.13 or Rule 54.16.
>
> **(b)  Notice to Defendant.**  The . . . director of the department of insurance shall forthwith mail to the defendant at the defendant's last known address a copy of such service and a copy of the summons and petition.  The mailing shall be by ***registered or certified mail requesting a return receipt*** signed by the addressee only.
>
> **(c)  Form of Notice.** [material omitted]

(Emphasis added.)   The reference in Rule 54.20(c) to "[t]he notice specified in Rule 54.15" thus plainly refers to Rule 54.15(b), the subsection of Rule 54.15 addressing "notice."  That subsection requires the Director to send notice of every summons and petition served upon him to the defendant by registered or certified mail, return receipt requested.

The Bates concede that although they filed the Director's affidavit in the trial court verifying ***first class*** mailing of the summons and petition to Greenwich, the Director did not mail the summons and petition to Greenwich by registered or certified mail,[15] and the Bates did not file along with the Director's affidavit a return receipt establishing that

---

[15]Certified mail is first class mail.  *Session v. Dir. of Revenue*, 417 S.W.3d 898, 903 (Mo. App. W.D. 2014).  It is simply a form of first class mail "for which proof of delivery is secured."  MERRIAM-WEBSTER, http://www.merriam-webster.com/dictionary/certifiedmail (last visited March 14, 2014).

11

Greenwich received the summons and petition from the Director. The Bates argue they were not obligated to do so because Rules 54.15(b) and 54.20(c) do not apply to service undertaken pursuant to section 375.906. We disagree.

The identical issue was addressed in *Maddox v. State Auto. Mut. Ins. Co.*, 356 S.W.3d 231, 233-34 (Mo. App. E.D. 2011), where our Eastern District held that the *method* of service described in section 375.906 is supplemented by the *proof* of service requirements described in Rule 54.15 and Rule 54.20(c).[16] Maddox served State Auto through the Director and, as the Bates did in the instant case, filed the return of service provided by the sheriff's office with the court. *Id.* at 232. The trial court entered a default judgment against State Auto. *Id.* Ten years later, when Maddox sought to revive the judgment, State Auto successfully moved to set aside the default judgment as void. *Id.* On appeal, Maddox argued that the trial court had personal jurisdiction to enter the default judgment because service of process was complete when the sheriff served the summons on the Director and ***submitted the return of service for filing***. *Id.* at 232-33. In other words, Maddox argued that by filing the sheriff's return of service required by Rule 54.20(a)(1), he filed the only *proof* of service required by Supreme Court Rules when service is made by the *method* set forth in section 375.906.

In rejecting Maddox's argument, the Eastern District acknowledged that section 375.906 sets out the service requirements for authorized foreign insurance companies but held that:

---

[16]Likewise, the Eastern District held that service attempted pursuant to section 375.261 is also supplemented by the proof requirements of Rule 54.15 and Rule 54.20(c). *Maddox*, 356 S.W.3d at 233 n.4.

12

> To establish the proof necessary to supply the circuit court with personal jurisdiction to enter the default judgment, the requirements of Rule 54.15 and Rule 54.20(c) must also be met. ***Rule 54.15 supplements section 375.906 by additionally requiring the Director to request a signed return receipt from the addressee when forwarding the pleadings. Rule 54.20 establishes the proof which must be presented to the court to establish that, in fact, the defendant has been notified of the pendency of the action***.

*Id.* at 233-34 (citations and quotation marks omitted) (emphasis added). Because the Director's affidavit and return receipt required by Rule 54.20(c) were not filed with the court, Maddox did not establish compliance with the notice requirement of Rule 54.15(b), requiring the default judgment to be set aside as void pursuant to Rule 74.06(b). *Id.*

The Bates argue that *Maddox* is not controlling because its holding was *dicta*, its holding cannot be reconciled with Rule 54.18, and its reasoning is flawed. We disagree. First, the Bates' characterization of the holding as *dicta* is without merit. It is true that in *Maddox,* in contrast to the instant case, no Director's affidavit of any kind was filed with the court verifying that the summons and petition had been sent to the defendant insurer. *Id*. at 234. The Eastern District was thus required to decide whether proof of service on the Director demonstrated by the filed sheriff's return (as required by Rule 54.20(a)(1)) was sufficient to confer personal jurisdiction. *Id*. at 232-33. It held that where service is had on the Director, proof not only of service on the Director, but as well of notice to the defendant insurance company in the manner required by Rule 54.15(b) and Rule 54.20(c), is required to confer establish personal jurisdiction. *Id*. at 234. The holding in *Maddox* that Rule 54.15 and Rule 54.20(c) supplement section 375.906 is not *dicta*, but is instead the essential holding of the court.

13

Second, the holding in *Maddox* is not in conflict with Rule 54.18, the very argument rejected in *Industrial*, 643 S.W.2d at 818, a case not addressed by the Bates in their Brief or their Reply Brief.  As we have already explained, Rule 54.18 addresses the right to select from competing *methods* of service, but does not address the *proof* which must be filed to establish that a *method* of service has been followed.  *Industrial*, 643 S.W.2d at 818.  Proof of service, and proof of notice where service is made on the Director, are instead the subject of Rules 54.15 and 54.20(c).

The Bates' third contention that the holding in *Maddox* should be disregarded because it is flawed is also unavailing.  The Bates argue that Rule 54.20(c) only applies to service pursuant to Rule 54.15, and since section 375.906 service is permitted in lieu of Rule 54.15 service, *Maddox* erroneously concluded that Rules 54.15 and 54.20(c) "supplement" section 375.906.  We disagree.  The Bates' argument ignores that Rule 54.20(c)'s cross-reference to Rule 54.15 is very specific, referring only to how the "[t]he *notice* specified in Rule 54.15" shall be proved.  (Emphasis added.)  As we have explained, the "notice" required by Rule 54.15(b) applies to all summons and petitions served upon the Director without regard to the method of service.

The Bates would have us construe Rule 54.15(b) to apply only when the *methods* of service identified in the second sentence of Rule 54.15(a) are used.  We reject this strained construction of Rule 54.15.  Rule 54.15(a) states in its *first* sentence that where service of process on the Director is required, a copy of the summons and petition ***must be served on the Director***.  This sentence by its plain terms applies whenever service on the Director is required, without regard to the method of service employed.  Rule

14

54.15(b) states that "such service" (referring to the service required to be made on the Director) shall then be sent by the Director to the defendant insurance company by registered or certified mail, return receipt requested. It is true that the *second* sentence in Rule 54.15(a) states that "the service of process [required by the first sentence in Rule 54.15(a)] shall be made as provided in either Rule 54.13 or 54.16."[17] However, we have already established that despite use of the word "shall," these *methods* of service are *not* exclusive, as Rule 54.18 authorizes the use of *any* method of service permitted by statute or Rule. It follows, therefore, that the first sentence of Rule 54.15(a) (requiring service of the summons and the petition on the Director), and the cross reference to "such service" in Rule 54.15(b) (requiring notice to be sent by certified or registered mail to the defendant insurance company), are not rendered inapplicable merely because the Director is permissibly served by a method other than Rule 54.13 or Rule 54.16.

Undeterred, the Bates argue that if we choose not to discredit *Maddox* entirely, we should at least limit its application to circumstances where *no* Director's affidavit has been filed verifying that the summons and petition were sent to the defendant insurance company. 356 S.W.3d at 234. They note that the court in *Maddox* observed that "***no*** affidavit or return receipt indicat[ed] that the Director . . . served State Auto. Therefore, the requisite proof of service was never established." *Id.* (emphasis added). The Bates point out that they did file the Director's affidavit of compliance with section 375.906, and that this filing should suffice as "proof of notice" even though it not in the form

---

[17]The methods of service of process contemplated by these Rules is not at issue in this case, and therefore need not be further addressed.

required by Rule 54.20(c). We do not agree that *Maddox* can be read to apply only where no Director's affidavit has been filed. *Maddox* plainly held that notice by the Director to a defendant insurance company must be provided as required by Rules 54.15(b) and 54.20(c) and that these Rules supplement section 375.906, a holding that applies whether no, or a deficient, affidavit has been filed by the Director. Rules 54.15(b) and 54.20(c) neither authorize nor contemplate "proof of notice" by filing the Director's affidavit *without* a return receipt signed by the defendant. To accept the Bates' limited interpretation of *Maddox* would require us to disregard that Rule 54.15(b) and Rule 54.20(c) plainly dictate the manner in which notice, and proof of notice, must be established in *every* case where a summons and petition is served on the Director. Alternatively, the Bates' argument would require us to create by judicial construct a new means by which "proof of notice" can be established following service on the Director not contemplated by Rules 54.15(b) and 54.20(c). We are not inclined to do either.

The Bates claim that precedent supports accepting forms of "proof of notice" not recognized by Rules 54.15(b) and 54.20(c). They rely on *Strong v. American States Preferred Insurance Co.*, 66 S.W.3d 104 (Mo. App. E.D. 2001). Their reliance is misplaced. In that case, a foreign insurance company moved to set aside a default judgment more than a year after it was entered, claiming insufficient service of process. *Id.* at 106. The trial court denied the insurer's motion and the insurer appealed. *Id.* Service had been obtained under section 375.906, and (as in this case) the sheriff's return of service and the director's affidavit stating that the summons and petition were mailed to the insurer by first class mail were both filed with the court. *Id.* at 106-07. The insurer

16

argued that it never received the notice from the director. *Id*. at 105. The insurer argued that the director should have sent the summons and petition to it by registered or certified mail return receipt requested ***as required by section 375.261***. *Id.* at 107. In other words, the insurer argued that the *method* of service used by the plaintiff should have been section 375.261, and not 375.906. The Eastern District affirmed the trial court's denial of the insurer's motion, noting that Rule 54.18 permitted the insured to elect between the *methods* of service described in section 375.906 and section 375.261. *Id.* at 107-08.

Though the factual circumstances in *Strong* are very similar to those in the instant case, *Strong* is neither persuasive nor controlling. The issue in *Strong* was whether the plaintiff was bound to use the *method* of service described in section 375.261 instead of the *method* of service described in section 375.906. *Id.* In addressing that narrow question, the *Strong* court correctly ruled that Rule 54.18 permitted the plaintiff to elect the *method* of service described in section 375.906. *Id.* Because the plaintiff established compliance with the *method* of service described in section 375.906, the court concluded that personal jurisdiction was conferred over the insurance company. *Id*. at 108. The court in *Strong* did not address, however, whether the *method* of service described in section 375.906 was sufficient to confer personal jurisdiction without establishing compliance with the *proof* of service requirements described in Rule 54.15(b) and Rule 54.20(c). That question was resolved by *Maddox*, a case decided eleven years after *Strong*. *Maddox*, 356 S.W.3d at 233-34. In fact, *Maddox* effectively repeated the holding in *Grooms v. Grange Mutual Casualty*, 32 S.W.3d 618 (Mo. App. E.D. 2000), a case decided one year before *Strong*. *Grooms* also rejected the argument that a sheriff's

17

return of service on the Director following service of process pursuant to section 375.906 was sufficient in and of itself to confer personal jurisdiction. *Id*. at 621. *Grooms* also concluded that in addition to the sheriff's return of service on the Director required by Rule 54.20(a), Rule 54.20(c) requires the filing of a return receipt proving that notice was sent by the Director to the defendant insurer by registered or certified mail as required by Rule 54.15(b). *Id*.

In light of the foregoing discussion, we conclude that as was the case in *Maddox*, the Bates' compliance with section 375.906 was legally insufficient on its own to confer personal jurisdiction over Greenwich in the absence of proof of notice as required by Rules 54.15(b) and 54.20(c). During oral argument the Bates argued that imposing the proof of notice requirements drawn from Rules 54.15(b) and 54.20(c) on section 375.906 will have the practical effect of eliminating section 375.906 as a method of service. We disagree. Section 375.906 remains a valid *method* of service of process. Nothing prevents an insurance company who receives notice from the Director by first class mail as permitted by section 375.906 from consenting to service and/or to waiving any claim of ineffective service of process. *See Industrial*, 643 S.W.2d at 818 ("In the absence of such proof [of service under Rule 54.20], the court does not have jurisdiction to determine the rights of the defendant, unless he has consented to such jurisdiction or has waived the objection to personal jurisdiction."). However, if an insurance company served under section 375.906 refuses to consent to jurisdiction or to waive proper service, then compliance with the method of service described in section 375.906 will not, in and of itself, confer personal jurisdiction. *Id*. ("[P]roper service itself is inadequate to confer

18

jurisdiction in the absence of the rule mandated proof of that service."). Service under section 375.906 without securing and filing proof of notice as required by Rules 54.15(b) and 54.20(c) nonetheless remains an economical choice available to counsel, albeit a choice that is of limited function if the defendant insurer does not consent, or waive objections, to personal jurisdiction. In this respect, service of process under section 375.906 is not unlike service of process under Rule 54.16. That Rule permits service of a summons and petition "together with two copies of a notice and acknowledgment . . . and a return envelope, postage prepaid addressed to the sender" by first class mail. Rule 54.16. However, "[i]f no acknowledgment of service under [] Rule 54.16 is completed and returned to the sender, service of the summons and petition shall be made as otherwise provided by statute or rule."[18] *Id.*

We conclude that the trial court did not err in granting Greenwich's Rule 74.06(b)(4) motion because "there was no valid service of process and therefore no personal jurisdiction" over Greenwich. "Personal jurisdiction refers to the power of a court to require a person to respond to a legal proceeding that may affect the person's rights or interests." *Christianson v. Goucher*, 414 S.W.3d 584, 588 (Mo. App. W.D. 2013) (citing *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009)).

---

[18]The election to serve process under Rule 54.16 is similar to federal court practice under Fed.R.Civ.P. 4(c)(2)(C) prior to 1993. From 1983 until an amendment in 1993, Fed.R.Civ.P. 4(c)(2)(C) provided that service could be made pursuant to first class mail, "a procedure that effects economic service with cooperation of the defendant." Fed.R.Civ.P. 4, 1993 Amendments, Special Note, at 49; Pub.L. 97-462, Section 2, January 12, 1983, 96 Stat 2527. That Rule permitted the summons and complaint to be sent along with a notice and acknowledgement form by first class mail, with a return, postage prepaid envelope addressed to sender. If the acknowledgment was not returned within a specified period of time, service had to be made by personal service. In short, "the plaintiff ha[d] the option . . . [to] attempt the inexpensive method of using the mail." *Humana, Inc. v. Jacobson*, 804 F.2d 1390, 1393 (5th Cir. 1986). However, if the inexpensive option did not yield **proof** of service in the form of the acknowledgement, then "there is no service" and "a plaintiff [must] effect service by any authorized alternative." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1347 (5th Cir. 1992).

19

"'Valid service of process is a prerequisite to personal jurisdiction, and failure to comply with statutory requirements of process deprives the court of authority to adjudicate.'" *Sieg*, 375 S.W.3d at 150 (citation omitted). "Accordingly, a judgment is void if it was rendered against a defendant who had not been served." *Id.* The default judgment obtained by the Bates was void because personal jurisdiction over Greenwich was not established in the manner required.

Point is denied.

## Conclusion

We affirm the trial court's Judgment granting Greenwich's motion to set aside the default judgment as void pursuant to Rule 74.06(b)(4). This matter is remanded to the trial court for further proceedings consistent with this opinion.

*Cynthia L. Martin*
_____
Cynthia L. Martin, Judge

All concur

20