

# SUPREME COURT OF MISSOURI
# en banc

RAY CHARLES BATE AND )
DEBORAH SUE BATE, )
         )
        Appellants, )
         )
v. ) No. SC94256
         )
GREENWICH INSURANCE COMPANY, )
         )
        Respondent. )
         )

### APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY
The Honorable Christine Carpenter, Judge

*Opinion issued June 16, 2015*

Two years after a default judgment was entered against a foreign insurance company, it sought to have the judgment set aside as void for lack of personal jurisdiction. The trial court entered judgment to set aside the default. The only question presented by this case is whether the insurer received valid service of process.

Rule 54.18 states that where a statute provides for a method of service, service may be made pursuant to the statute or as provided by rule. Service of process here was made under section 375.906, and all requirements of that statute were met. This Court

reverses the judgment to set aside the default judgment on the issue of service of process. The case is remanded.

## Background

Ray Charles Bate and Deborah Bate (the Bates) were each seriously injured in a head-on vehicle collision. The Bates sued Rocky Wells, the driver of the opposing vehicle and obtained a judgment totaling $3 million. The Bates filed suit against Greenwich Insurance Company seeking underinsured motorist coverage under a policy allegedly issued to Charles Bate's employer by Greenwich.[1]

As an authorized foreign insurance company under section 375.906, RSMo 2000,[2] the Director of the Missouri Department of Insurance (Director) was designated as Greenwich's agent for acceptance of service of process. A copy of the petition and summons were delivered by the sheriff to the Director, and the original copy of the sheriff's return was filed with the trial court. The Director then forwarded the petition and summons to Greenwich via first class mail and filed an affidavit of service with the trial court pursuant to 20 CSR 800-2.010. Greenwich did not answer the petition, and the Bates obtained a default judgment in the amount of the judgment against Wells.

Over two years later, Greenwich made a limited appearance and filed an amended motion to set aside the default judgment as void under Rule 74.06(b)(4). The motion

---

[1] The Bates' petition initially named Cintas Corporation (Charles Bate's employer) and Cambridge Integrated Services Group, Inc. (the insurance administrator for Cintas) as defendants. The Bates amended their petition to add Greenwich, which issued the policy in question to Cintas Corporation. Cintas Corporation and Cambridge Integrated Services Group, Inc. were later dismissed by the Bates.

[2] Further statutory references are to RSMo 2000 unless otherwise indicated.

primarily centered on Greenwich's argument that service of process was invalid because the Bates did not comply with the service of process and proof of service requirements in Rules 54.15 and 54.20.

The Bates replied that they effected service under section 375.906, not Rule 54.15, and that Rule 54.18 afforded them that option. Greenwich argued that service under section 375.906 is supplemented by the service of process and proof of service requirements in Rule 54.15 and Rule 54.20 or, alternatively, that section 375.906 was inapplicable to the Bates' claim. The trial court agreed with Greenwich and set aside the default judgment as void, stating only that "there was no valid service of process and therefore no personal jurisdiction" over Greenwich. The Bates appeal, arguing that the default judgment against Greenwich was not void because they properly served Greenwich under section 375.906 as permitted by Rule 54.18.[3] This Court granted transfer after opinion by the court of appeals. MO. CONST. art. V, sec. 10.

## Standard of Review

A trial court's ruling on a Rule 74.06(b) motion is in the nature of an independent proceeding and is appealable. *In re Marriage of Hendrix*, 183 S.W.3d 582, 587 (Mo. banc 2006). Normally, a court's action under Rule 74.06(b) is reviewed for abuse of discretion. *Id.* However, as the determination of personal jurisdiction is a question of law, whether a judgment is void on jurisdictional grounds under Rule 74.06(b)(4) is

---

[3] The trial court set aside the default judgment under Rule 74.06(b)(4) on the basis of lack of personal jurisdiction due to invalid service of process. That is the action this Court reviews. As such, Greenwich's various other arguments for voiding the default judgment are not addressed, and this Court expresses no opinion on the merits of those claims.

3

subject to *de novo* review. *Forsyth Fin. Grp., LLC v. Hayes*, 351 S.W.3d 738, 740 (Mo. App. 2011). Finality of judgments is favored and the concept of a void judgment is narrowly restricted. *Goins v. Goins*, 406 S.W.3d 886, 891-92 (Mo. banc 2013). A judgment is void under Rule 74.06(b)(4) if the trial court: (1) lacked subject matter jurisdiction, (2) lacked personal jurisdiction, or (3) entered the judgment in a manner that violated due process. *Id.*

## Analysis

To properly invoke a court's jurisdiction, service of process must conform to the manner established by law. *Strong v. Am. States Preferred Ins. Co.*, 66 S.W.3d 104, 106 (Mo. App. 2001). This Court must first look to applicable statutes and rules to determine whether effective service of process was made. The Bates argue that service was made pursuant to section 375.906 and that Rule 54.18 permitted the choice of service by statute. Greenwich argues that section 375.906 was not followed or, alternatively, that it was unavailable as a method of service because it was inapplicable to the Bates' claims. It argues that Rules 54.15 and 54.20 supplement section 375.906.[4]

### *Service Was Proper Under Section 375.906*

Under section 375.906, a foreign insurance company doing business in Missouri must execute an irrevocable power of attorney authorizing the Director to acknowledge or receive service of process on its behalf "in any action against the company, instituted

---

[4] The trial court order did not state whether its finding of invalid service was based on Greenwich's argument that Rules 54.15 and 54.20 supplement section 375.906 or the alternative argument that section 375.906 either was inapplicable or not complied with. This opinion, therefore, addresses both.

4

in any court of this state." Section 375.906.1. Service is effectuated by delivery of the petition and summons to the director. Section 375.906.2. The insurer consents by law that service on the Director constitutes personal service on the company itself. Section 375.906.1. Once the Director has been served process on the insurer's behalf, the Director must forward the process "by first class mail prepaid and directed to the secretary of the company . . . ." Section 375.906.5. The Director must keep a permanent office record showing the names of the parties, the appropriate court, and the day and hour that service was made. *Id.* Additionally, the Department of Insurance has adopted a regulation requiring that when service is made pursuant to section 375.906, the Director must also forward an affidavit of service to the appropriate court. 20 CSR 800-2.010.

Greenwich incorrectly argues service of process did not comply with section 375.906. Pursuant to section 375.906.2, however, the Bates delivered a copy of the petition and summons to the Director.[5] Greenwich, by law, has consented that service on the Director, its *de facto* agent, amounts to personal service on Greenwich itself. The Director forwarded the petition and summons to Greenwich by first class mail and filed an affidavit of compliance with the trial court. The requirements of section 375.906 were fully met.

---

[5] Greenwich argues section 375.906 was not technically complied with because an office worker in the Director's office signed for the process and, according to section 375.906.2, only the Director, deputy director, or chief clerk of the department of insurance can properly receive service. This hyper-literal construction of section 375.906 is raised for the first time before this Court and is not properly preserved.

Alternatively, Greenwich argues that section 375.906 was unavailable as a method of service because the Bates' claims did not fall within certain language of section 375.906.2, which states that:

> [S]ervice as aforesaid shall be valid and binding in all actions brought by residents of this state upon any policy issued or matured, or upon any liability accrued in this state, or on any policy issued in any other state in which the resident is named as beneficiary, and in all actions brought by nonresidents of this state upon any policy issued in this state in which the nonresident is named beneficiary or which has been assigned to the nonresident, and in all actions brought by nonresidents of this state on a cause of action, other than an action on a policy of insurance, which arises out of business transacted, acts done, or contracts made in this state.

Greenwich argues that the policy in question was not issued, nor did any liability accrue, in the state of Missouri. Rather, it complains that the policy, issued to Charles Bate's employer, was issued and later renewed in Ohio and, at least at the time of the accident, did not in fact contain any underinsured motorist benefits. It also states that the Bates were not the named beneficiaries or assignees of any benefits under the policy.

These contentions are unavailing to Greenwich. Greenwich may very well have meritorious defenses to this action based on the terms of the insurance policy in question or the relevant relationships between the parties. Rule 74.05 provides that a default judgment may be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown" if the motion is made not more than one year after the entry of the default judgment. Rule 74.05(d). However, because Greenwich did not collaterally attack the default judgment until over two years after its entry, Rule 74.05 was unavailable.

6

Instead, Greenwich chose to proceed under Rule 74.06(b)(4) and challenged the default judgment on jurisdictional grounds. The one year time bar does not apply to Rule 74.06(b)(4). Rule 74.06(c) (motion under Rule 74.06(b)(4) must be made "within a reasonable time"). But Greenwich's argument that section 375.906.2 did not apply to the Bates' claims based on the terms of the insurance policy is, in actuality, a merits defense disguised as a jurisdictional argument. It might have been properly raised had Greenwich appeared to defend the suit or in a Rule 74.05(d) motion, but it is not proper under Rule 74.06(b)(4) to challenge personal jurisdiction due to invalid service of process. Accordingly, this Court finds that the Bates properly effected service of process under section 375.906 and complied with all service requirements of that statute.

### *Rules 54.15 and 54.20 Do Not Supplement Section 375.906*

The Bates argue that the trial court erred in finding invalid service because Rule 54.18 allowed them to elect service under section 375.906, with which they fully complied. Greenwich argues that in addition to the requirements of section 375.906, the Bates also were required to comply with Rules 54.15 and 54.20.

Rule 54.15 states that when service of process is made on the director of insurance, the Director must give notice to the defendant by forwarding a copy of the summons and petition "by registered or certified mail requesting a return receipt signed by addressee only." Rule 54.15(b). Rule 54.20(c) states that "[t]he notice specified in Rule 54.15" shall be proved by an affidavit of compliance filed by the Director in the court where the action is pending. The affidavit must be attached to the papers to which it relates and include the return registered or certified mail receipt. Rule 54.20(c).

7

Greenwich argues that the Bates were required, and failed, to comply with these rules because the affidavit of compliance that the Director filed in the trial court did not contain a registered or certified mail receipt. The Bates argue that no registered or certified mail receipt needed to be filed with the Director's affidavit of service because they served process under section 375.906, which requires that the Director forward the process to the defendant by first class mail. The Bates point to Rule 54.18, which states that: "[w]here a statute contains provisions for a method of service, service may be made pursuant to the provisions of the statute or as provided by these Rules." Rule 54.18, the Bates argue, permitted them to elect service under section 375.906 and Rules 54.15 and 54.20 are inapplicable. This Court agrees.

Rule 54.18 by its terms permits statutory service in lieu of service under the rules. Section 375.906 provides both a method of service of process on a foreign insurance company and a provision for notice to the defendant. The method is service on the Director, and the notice to the defendant is via first class mail. 20 CSR 800-2.010 requires the Director to file an affidavit in the trial court proving that the terms of section 375.906 were met. All of the above requirements were complied with in this case. This Court disagrees with Greenwich that Rules 54.15 and 54.20 can be used to graft a further requirement onto section 375.906 not established by the legislature.

Rule 54.20(c) specifically applies to "[t]he notice specified in Rule 54.15. . . ." It only applies when notice is given under Rule 54.15. Here, notice was given under section 375.906 in accordance with the method of service provided for in that statute. The Bates effected service on the Director under section 375.906, and the Director

8

followed that statute and the department of insurance's own regulations when giving notice to Greenwich by first class mail and filing an affidavit of compliance with the trial court. No additional requirement of a return receipt needed to be met. Furthermore, Greenwich's proposed reading of Rules 54.15 and 54.20 creates a situation where section 375.906 would *never* be sufficient to confer personal jurisdiction on a foreign insurer, because section 375.906 mandates notice via first class mail and so a return receipt for registered or certified mail will never be filed with the trial court under that statute. This Court refuses to interpret section 375.906 or its own rules in this manner.

Greenwich points to two court of appeals decisions that it alleges are contrary to this Court's holding today. In *Grooms v. Grange Mut. Cas. Co.*, 32 S.W.3d 618, 621-22 (Mo. App. 2000) and *Maddox v. State Auto. Mut. Ins. Co.*, 356 S.W.3d 231, 233-34 (Mo. App. 2011), the court affirmed the setting aside of default judgments where there was no proof in the record that the Director, in fact, served the foreign insurance companies. *Maddox*, in particular, stated that, even when serving process under section 375.906, "the requirements of Rule 54.15 and Rule 54.20(c) must also be met."

*Grooms* and *Maddox*, however, are readily distinguishable from this case. In *Grooms* and *Maddox*, there was no proof in the record that the Director had served the foreign insurance companies because the plaintiffs did not properly serve the Director under section 375.906. *Grooms*, 32 S.W.3d at 619-20; *Maddox*, 356 S.W.3d at 232. In both cases, the process served on the Director was returned to the plaintiffs as defective, and the Director told the plaintiffs that process would be forwarded to the defendants when the defects were cured, but the plaintiffs never cured the defects. *Grooms*, 32

9

S.W.3d at 619-20; *Maddox*, 356 S.W.3d at 232. Here, by contrast, the Bates fully complied with section 375.906 and there is proof in the record that the Director, in fact, served Greenwich via first class mail as required. In any event and despite the significant factual difference between this case and *Grooms* and *Maddox*, to the extent that *Grooms* and *Maddox* hold that Rules 54.15 and 54.20 supplement section 375.906, those decisions should no longer be followed.

## Conclusion

The trial court's judgment setting aside the default judgment for lack of personal jurisdiction due to invalid service of process is reversed. The case is remanded.

 

_____
Mary R. Russell, Chief Justice

All concur.