

# Missouri Court of Appeals

## Southern District

### Division One

TREASURER OF THE STATE OF )
MISSOURI, AS CUSTODIAN OF THE )
SECOND INJURY FUND, )
                 )
        Petitioner-Respondent, )
                 )
v. )    No. SD37311
                 )    Filed: July 20, 2022
BARRET S. VAN HORN, )
                 )
        Respondent-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Jennifer R. Growcock, Circuit Judge

### <u>AFFIRMED</u>

Barret Van Horn (Employer) appeals from a denial of his Rule 74.06(b) motion to set aside an amended judgment against him, in favor of the Second Injury Fund (Fund), to reimburse the Fund in the amount of $34,345 pursuant to § 287.500 (hereinafter referred to as the Amended Judgment).[1] Employer presents three points. Points 1 and 2 contend the circuit court erred in denying his motion to set aside because the Amended Judgment, which is based upon a final award of the Workers' Compensation Division (Division), is

---

[1] All rule references are to Missouri Court Rules (2021). All statutory references are to RSMo (2000).

"void" because: (1) the Division "did not have either subject matter jurisdiction or statutory authority under then Section 287.220.5" to enter liability on behalf of the Fund; and (2) the Division denied Employer due process by entering liability against him. Point 3 contends that because the Amended Judgment is "void and subject to collateral attack at any time," the remedy is to declare the Amended Judgment "void and then dismiss the appeal." Finding no merit in any of these points, we affirm.

## Factual and Procedural Background

In January 2011, Walter Crouse (Employee) filed an amended claim for compensation with the Division, alleging that he was injured in an "accident" on "11/18/2010" while "in the scope and in the course of his employment" with Employer. At the time of the alleged injury, Employer did not have workers' compensation insurance.

In February 2011, Employer obtained counsel and filed an answer to Employee's claim. Employer listed an address in Springfield, Missouri, as his address. Thereafter, Employer moved and failed to update his address with the Division.[2]

In August 2014, notice was sent to Employer's last known address, via certified mail, that a final hearing on Employee's claim would occur in November 2014. Employer did not appear at that hearing.

In February 2015, the administrative law judge (ALJ) entered a final award (Final Award) on Employee's claim. Therein, the ALJ found that Employee was injured while in the employ of Employer, and that Employer was liable for all medical care and expenses resulting from that injury, totaling $34,345. Because Employer failed to maintain workers' compensation insurance as required, however, the ALJ determined that the Fund was

---

[2] According to an affidavit of Employer, he first moved to Nixa, Missouri, in 2012 and later to Billings, Missouri.

responsible for those expenses. The ALJ went on to note that the Fund "shall be entitled to reimbursement against [E]mployer for all medical expenses incurred, and as is allowed by law." The Final Award was sent to Employer's last known address via certified mail. No party appealed the ALJ's Final Award to the Labor and Industrial Relations Commission (Commission).

On June 16, 2020, the Fund, by and through the attorney general, filed an "Application for Judgment on Certified Award from the Division" in circuit court, seeking reimbursement of the $34,345 from Employer pursuant to § 287.220.5 and § 287.500 (hereinafter referred to as the reimbursement action).[3] Notice of the reimbursement action was sent to Employer at a different address – an address in Billings, Missouri. Ten days later, counsel for Employer entered his appearance.

On June 26, 2020, the reimbursement action was tried to the circuit court. That proceeding was not recorded, however, and a transcript was not available. It is unclear to what extent, if any, Employer or his counsel participated. The circuit court entered judgment that same day in favor of the Fund and against Employer's business. On June 29, 2020, the Fund filed a motion to amend the judgment to name Employer individually,

---

[3] In the event an employer is uninsured, subsection 5 of § 287.220, in effect at the time of the injury in this case, authorized the Fund to cover an employee's expenses and to seek reimbursement by directing the attorney general to "bring suit" against the employer "in the circuit court" of the county where the accident occurred. § 287.220.5 RSMo (2000) (amended in 2014 transferring same language to subsection 7 of § 287.220). The circuit court is then authorized by § 287.500 "to enter a judgment on a final award as if it were an original judgment of the court" because "the Commission has no power to pronounce a judgment or to enforce a workers' compensation award." *Baxi v. United Technologies Auto. Corp.*, 122 S.W.3d 92, 96 (Mo. App. 2003); *Roller v. Steelman*, 297 S.W.3d 128, 134 (Mo. App. 2009) ("Section 287.500 provides a means by which a final award can be enforced by the circuit court."); *see also* **State ex rel. Hilburn v. Staeden**, 91 S.W.3d 607, 611 (Mo. banc 2002) ("Only a court can enforce administrative orders so that they have the effect of a judgment.").

rather than his business, because the Final Award found Employer liable as an individual for Employee's injuries.

Notice of the Fund's motion to amend the judgment was sent to Employer's attorney. The record shows no response to this motion on the part of Employer or his counsel. On August 11, 2020, the court granted the Fund's motion and entered the Amended Judgment in favor of the Fund, and against Employer only, for $34,345. Employer did not appeal from the Amended Judgment.

On August 10, 2021, nearly a year later, Employer filed his Rule 74.06(b) motion to set aside the Amended Judgment.[4] In September 2021, a hearing was held, at which Employer's counsel participated. After taking the matter under advisement, the circuit court entered a judgment denying Employer's Rule 74.06(b) motion. This appeal followed.

**Standard of Review**

A circuit court's ruling on a Rule 74.06(b) motion is appealable. ***In re Marriage of Hendrix***, 183 S.W.3d 582, 587 (Mo. banc 2006). Rule 74.06(b) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; **(4) the judgment is void**; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

*Id*. (bold emphasis added). "Normally, a court's action under Rule 74.06(b) is reviewed for abuse of discretion." ***Bate v. Greenwich Ins. Co.***, 464 S.W.3d 515, 517 (Mo. banc

---

[4] Employer's motion to set aside was timely filed within one year of the entry of the Amended Judgment, as required by Rule 74.06(c). *See id*.; ***Shanks v. Shanks***, 628 S.W.3d 439, 443 (Mo. App. 2021).

2015); ***Hendrix***, 183 S.W.3d at 587. The question of "whether a judgment is void on jurisdictional grounds under Rule 74.06(b)(4) is subject to *de novo* review." ***Bate***, 464 S.W.3d at 517.

**Discussion and Decision**

Employer's three points contend the circuit court erred in denying his Rule 74.06(b) motion to set aside "the Amended Judgment, and the Final Award upon which it is based," because it is "void." *See* Rule 74.06(b)(4). Because Rule 74.06(b) only authorizes a court to "relieve a party or his legal representative from a final judgment or order[,]" our analysis focuses solely on whether the Amended Judgment is void. ***Id***. A judgment is void pursuant to Rule 74.06(b)(4) "if the trial court: (1) lacked subject matter jurisdiction, (2) lacked personal jurisdiction, or (3) entered the judgment in a manner that violated due process." ***Bate***, 464 S.W.3d at 517; *see **Baxi v. United Technologies Auto. Corp.***, 122 S.W.3d 92, 96 (Mo. App. 2003). "Finality of judgments is favored and the concept of a void judgment is narrowly restricted." ***Bate***, 464 S.W.3d at 517; *see **Goins v. Goins***, 406 S.W.3d 886, 891 (Mo. banc 2013).

*Point 1*

Point 1 takes issue with the ALJ's statement in the Final Award that the Fund "shall be entitled to reimbursement against [E]mployer for all medical expenses incurred, and as is allowed by law." According to Employer, the ALJ, on behalf of the Division, "did not have either subject matter jurisdiction or statutory authority under then Section 287.220.5 to enter liability against [Employer] on behalf of the [Fund]. Only a circuit court of proper venue could enter liability on behalf of the [Fund] against [Employer] based upon a civil action." As a result, Employer contends the Amended Judgment is void. We disagree.

5

As noted above, Employer's argument that the Division lacked subject matter jurisdiction or statutory authority is misdirected. Employer's Rule 74.06(b) motion sought to set aside the circuit court's Amended Judgment. Therefore, we focus solely on that circuit court proceeding in this appeal. In *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), our Supreme Court held that circuit courts have subject matter jurisdiction over all civil and criminal cases and matters. *Id*. at 253. Accordingly, the circuit court had subject matter jurisdiction over the reimbursement action. Employer's argument that the circuit court should have denied reimbursement because the Division lacked statutory authority to act with respect to Employer is merely a claim of alleged legal error, subject to traditional appellate review. *See Medical Plaza One, LLC v. Davis*, 552 S.W.3d 143, 155 (Mo. App. 2018); *Matter of B.R.R.*, 487 S.W.3d 515, 518 (Mo. App. 2016). "Mere error does not deprive a court of jurisdiction it otherwise possesses." *State ex rel. State v. Parkinson*, 280 S.W.3d 70, 72 (Mo. banc 2009). There is nothing in the record to show that Employer presented this argument to the circuit court in the reimbursement action, and no appeal was taken from the Amended Judgment. "A judgment is not void simply because it is erroneous[.]" *Baxi*, 122 S.W.3d at 96. Thus, the alleged legal error did not deprive the circuit court of subject matter jurisdiction. *See Puetz-Anderson v. Puetz*, 629 S.W.3d 95, 98 (Mo. App. 2021). Accordingly, Point 1 is denied.

*Point 2*

Point 2 argues the Division denied Employer "due process when it entered liability against him on behalf of the [Fund,] when the Division proceeded to its hearing without the [Fund] filing a pleading which notified [Employer] the [Fund] held and pursued such a claim, and the Division proceeded to its hearing with no such notice." According to

Employer, "the Amended Judgment, and the Final Award upon which it is based, is void" because he was denied his constitutional rights to due process. Again, we disagree.

Constitutional challenges are waived if not raised at the earliest possible opportunity. ***Mo. Highway and Transp. Comm'n v. Merritt***, 204 S.W.3d 278, 283-84 (Mo. App. 2006). "To properly raise a constitutional question, one must: (1) raise the constitutional question at the first available opportunity; (2) designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself; (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review." ***United C.O.D. v. State***, 150 S.W.3d 311, 313 (Mo. banc 2004).

Here, Employer failed to properly raise or preserve a constitutional challenge at the earliest opportunity. Employer received notice of the reimbursement action after that lawsuit was filed.[5] Employer did not raise any constitutional challenge at that time in the circuit court. After the initial judgment granting reimbursement was filed, notice of the Fund's motion to amend that judgment was sent to Employer's counsel. Again, Employer failed to raise a constitutional challenge at that time. After the Amended Judgment was entered, Employer did not appeal. Instead, Employer waited nearly a year to raise the due process challenge for the first time in his Rule 74.06(b) motion to set aside the Amended Judgment. "Timeliness is a factor of particular import when the issue involved is a constitutional one." ***Merritt***, 204 S.W.3d at 283. Employer's failure to timely raise a

---

[5] In ***Baxi***, the eastern district of this Court determined that § 287.500 does *not* require that notice be sent to a defendant prior to judgment being entered in the circuit court. ***Baxi***, 122 S.W.3d at 96-97. Here, though not required, Employer was, in fact, provided notice of the reimbursement action at the beginning of that process.

7

constitutional challenge waives such a challenge. *See id*. at 284-85; *see also **McDowell v. Missouri Dep't of Transp.***, 529 S.W.3d 898, 903-04 (Mo. App. 2017). Point 2 is denied.

*Point 3*

Point 3 assumes Employer prevailed in either or both of his first two points. The third point argues that because the Amended Judgment is "void and therefore subject to collateral attack at any time, [the] remedy is to declare the Amended Judgment and the Final Award void and then dismiss the appeal." Because we have instead denied both points, rejecting Employer's arguments that the Amended Judgment is void, we similarly deny Point 3.

The judgment of the circuit court is affirmed.


JEFFREY W. BATES, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCUR

JACK A. L. GOODMAN, J. – CONCUR