

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| M.F.S.D.-C.S.E., INDIVIDUALLY AND AS NEXT FRIEND OF A.D., | ) ) | No. ED110001 |
| Respondent, | ) ) ) | Appeal from the Circuit Court of St. Louis County |
| v. | ) | Cause No. 16SL-DR01891 |
| | ) | |
| J.M., | ) | |
| Appellant, | ) ) | |
| and | ) ) | Honorable Bruce F. Hilton |
| A.D.D., | ) | |
| Respondent. | ) | Filed: August 23, 2022 |

## Introduction

J.M. appeals from the judgment of the St. Louis County Circuit Court, Family Division (the family court), denying his motion to set aside a default paternity judgment. J.M. argues the default judgment was void for lack of personal jurisdiction, in that he was not properly served pursuant to Rule 54.13(b).[1] Because the family court never obtained personal jurisdiction over J.M. in the underlying paternity action, we reverse both the family court's denial of his motion to set aside the default judgment and the 2016 paternity judgment entered by default.

## Background and Procedure

---

[1] All rule references are to the Missouri Rules of Civil Procedure (2016), unless otherwise indicated.

In March of 2016, the Missouri Family Support Division (FSD) filed a petition (1) to determine the existence of a father-child relationship between J.M. and A.D., born 08/11/2015; (2) to order J.M. to pay a reasonable amount each month for the support of A.D.; and (3) for a judgment against J.M. to recover public assistance payments provided by the State for the benefit of A.D. The petition alleged J.M.'s last known address was 2617 ½ Madison Street, Saint Louis, Missouri 63106 (the Madison address). The return of service purported that the City of St. Louis Sheriff's Department had served J.M. at the Madison address at 7:25 a.m. on April 27, 2016, by delivering a copy of the summons and petition to Reta Johnson, identified as a "cousin." J.M. did not file an answer to the petition and did not appear for the hearing. After the hearing, the family court entered a default judgment in September of 2016, finding J.M. was the father of A.D.; imputing a monthly income to J.M. of $1,326.00; ordering him to pay $277.00 per month for the support of A.D.; and entering judgment in the amount of $83.00 against J.M. and in favor of the State of Missouri for public assistance provided under the TANF program for the benefit of the minor child.

In March of 2021, J.M. filed a motion to set aside the 2016 default judgment under Rule 74.06(b), alleging the judgment was void because he had not been properly served and thus the family court did not have personal jurisdiction over him. At a hearing on his motion to set aside, J.M. testified to the following. While J.M. had previously resided at the Madison address with his father, J.M. had not lived there since 2008; moreover, his father had also moved from the Madison address in approximately 2009. On April 27, 2016, he was residing at 8550 Ginger Street, St. John, Missouri 63114 (the Ginger address). J.M. had been released from the Saint Louis County Justice Center on April 11, 2016, and,

as part of his release, his location was being monitored by an electronic home detention device (EHD) through Sentinel Offender Services (Sentinel). J.M. submitted business records from Sentinel, establishing that J.M. was required to be at the Ginger address between the hours of 4:00 p.m. on April 26, 2016 and 10:00 a.m. on April 27, 2016, and that on April 27, 2016 his EHD records showed that he was present at the Ginger address at 12:39 a.m., 4:36 a.m., and 8:37 a.m. Moreover, J.M. testified he did not know who Reta Johnson was, he had no cousins by that name, and she had never resided with him at the Ginger address.

After the hearing, the family court denied J.M.'s motion to set aside the default paternity judgment. This appeal follows.

## Discussion

In his sole point on appeal, J.M. argues the family court abused its discretion in denying his motion to set aside the default paternity judgment because the judgment was void for lack of personal service. We agree.

Rule 74.06(b) allows the trial court to relieve a party from a final judgment when, among other reasons, the judgment is void. Rule 74.06(b)(4). We generally review a trial court's ruling on a Rule 74.06(b) motion for an abuse of discretion. Bate v Greenwich Ins. Co., 464 S.W.3d 515, 517 (Mo. banc 2015). Where, however, the specific claim asserts the court lacked personal jurisdiction over a party, because jurisdiction is a question of law, we review de novo whether the judgment is void on jurisdictional grounds. Id. A judgment is void only if the trial court: (1) lacked subject matter jurisdiction, (2) lacked personal jurisdiction, or (3) entered the judgment in a manner that violated due process. Id.

3

"Proper service of process is a prerequisite for personal jurisdiction." A.R.J. v. C.M.L., 575 S.W.3d 738, 741 (Mo. App. E.D. 2019) (citation omitted). A court can obtain jurisdiction to adjudicate the rights of a party only by service of process authorized by statute or rule, and "[w]hen the requirements for manner of service are not met, a court lacks the power to adjudicate." Worley v. Worley, 19 S.W.3d 127, 129 (Mo. banc 2000). Rule 54.13(b) sets forth the requirements for the manner of personal service within the state, allowing personal service: (1) by delivering a copy of the summons and petition personally to the individual; (2) by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of 15; or (3) by delivering a copy of the summons and petition to an agent of the individual. Rule 54.13(b). A person's usual place of abode is his or her permanent or general residence, rather than a temporary residence. Cambiano v. Davis, 880 S.W.2d 584, 587 (Mo. App. W.D. 1994).

The return of service is prima facie evidence of personal service upon a party. Rule 54.22(a). To challenge the accuracy of the return of service, a party must do more than simply deny service; rather, the party must present clear and convincing evidence that he or she was not served. Van Vooren v. Schwarz, 899 S.W.2d 594, 595 (Mo. App. E.D. 1995). The clear and convincing standard is evidence that "instantly tilts the scales in the affirmative when weighed against the opposing evidence, leaving the fact finder with an abiding conviction that the evidence is true." State ex rel. Dep't of Soc. Servs. Div. of Child Support Enf't v. Stone, 71 S.W.3d 643, 646 (Mo. App. W.D. 2002).

Here, the return of service stated a copy of the summons and petition was left at the Madison address with an individual named Reta Johnson, who was identified as a cousin

4

to J.M. In order to rebut the State's prima facie evidence of service, J.M. had to do more than simply deny that he received service or deny that his residence on April 27, 2016 was the Madison address. See id. at 646-47 (finding party failed to rebut prima facie evidence of service when he was unable to present any written evidence of his residency).

At the hearing on his motion, in addition to his testimony denying he was served, J.M. presented independent evidence that on April 27, 2016, the Ginger address, not the Madison address, was his usual place of abode. Specifically, J.M. testified that he had been released from the St. Louis County Justice Center on April 11, 2016 to house arrest and that, as part of his house arrest, his location was subject to electronic monitoring through Sentinel. J.M. submitted business records from Sentinel establishing that, beginning April 12, 2016,[2] the address registered to his EHD was the Ginger address, and that his EHD records demonstrated he was present at the Ginger address on April 27, 2016 at 4:36 a.m. and 8:37 a.m. This independent evidence constitutes clear and convincing evidence that J.M.'s usual place of abode on April 27, 2016 was the Ginger address, not the Madison address.

To effect personal service other than on the individual personally or their agent, the service processor must leave the summons and petition *at the individual's usual place of abode* with some person of the individual's family over the age of 15. Rule 54.13(b)(2). The return of service here stated the process server left the summons and petition with someone claiming to be J.M.'s cousin at the Madison address. However, because J.M.'s usual place of abode on April 27, 2016 was the Ginger address, leaving the summons and

---

[2] Initially, Sentinel listed J.M.'s home address as 9119 Tutwiler, Saint Louis, Missouri. J.M. testified this address was his mother's residence, and Sentinel's records show that on April 12, 2016, J.M. updated his home address to the Ginger address for purposes of his house arrest.

5

petition at the Madison address was not a proper method of service under Rule 54.13. Even if Reta Johnson had been J.M.'s cousin, because the summons and petition was not left with a family member *at J.M.'s usual place of abode*, service there was not proper. Without proper service of process, the family court here did not acquire personal jurisdiction over J.M., making the default paternity judgment void. See Worley, 19 S.W.3d at 129; A.R.J., 575 S.W.3d at 741.

While FSD cites to Cambiano, 880 S.W.2d at 588, to argue J.M. failed to prove with clear and convincing evidence that the Ginger address was his usual place of abode, Cambiano is not persuasive here. In Cambiano, the Western District Court of Appeals affirmed the trial court's judgment that Cambiano had been properly served at his mother's home in Missouri, even though he had moved to Florida several months earlier. Id. The facts in Cambiano were that, although Cambiano had moved to Florida, he continued to use his mother's address in Missouri as his permanent address on his driver's license and draft registration, he continued to have mail sent to his mother's home, and when the process server delivered the summons and petition to Cambiano's mother's house neither she nor her husband asserted Cambiano lived in Florida. Id. at 586. From these facts, the appeals court determined there was enough evidence in the record from which the trial court could have believed Cambiano resided at his mother's house in Missouri for purposes of establishing his usual place of abode for service. Id. at 588.

No such evidence existed in the present case from which the family court could have determined that J.M. resided at the Madison address on April 27, 2016. The only evidence regarding J.M.'s purported residence at the Madison address was J.M.'s testimony that he used to live at that address when his father lived there, but J.M. also

6

testified he had not lived there since approximately 2008 and his father had not lived there since approximately 2009. Rather, J.M. testified that he had resided at the Ginger address since 2015 with his girlfriend, Jessica Winfields, except for when he was incarcerated. Unlike in Cambiano, the State here presented no evidence that J.M. in fact still resided at the Madison address at the time he was served there in 2016.

Regardless, FSD argues that this Court must defer to the family court's determinations as to witness credibility and the weight of the evidence. However, the family court here made no specific credibility findings, made no specific determinations on the weight or value of the evidence, and did not state a basis for its decision to deny J.M.'s motion to set aside the default paternity judgment, other than to say it had "heard evidence, given proper weight and credibility to the evidence, admitted exhibits, and heard argument." Without specific factual and credibility findings—and without even some evidence that contradicted Sentinel's sworn business records—there is nothing to which we can defer in fact or by implication. See Knox v. Morris, 293 S.W.3d 478, 481-82 (Mo. App. E.D. 2009).

Because J.M.'s challenge is to the trial court's personal jurisdiction, our review here is de novo. See Bate, 464 S.W.3d at 517 (jurisdiction is question of law, which we review de novo). Under our de novo review of the record before us, we find J.M. rebutted the return of service, in that the clear and convincing evidence established the address used for the return of service was not in fact J.M.'s usual place of abode. Accordingly, the family court here never acquired personal service over J.M., and the default judgment it entered is void for lack of personal jurisdiction. The family court erred in denying J.M.'s motion to set aside the default judgment as void under Rule 74.06(b).

7

## Conclusion

The judgment of the family court denying J.M.'s motion to set aside the default judgment is reversed, and the 2016 paternity judgment entered by default is reversed as void for lack of personal jurisdiction over J.M.

_____
Gary M. Gaertner, Jr., P.J.

Robert M. Clayton III, J., and
John P. Torbitzky, J., concur.