

# MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| BENJAMIN METZGER, BY AND THROUGH HIS FRIEND AND NATURAL MOTHER, KATHRYN METZGER, | ) ) ) ) ) | |
| Respondent, | ) ) | |
| v. | ) ) | **WD86625** |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | ) ) ) | **Filed: July 23, 2024** |
| Appellant. | ) ) | |

## APPEAL FROM THE CIRCUIT COURT OF MILLER COUNTY
### THE HONORABLE AARON G. KOEPPEN, JUDGE

## BEFORE DIVISION THREE: THOMAS N. CHAPMAN, PRESIDING JUDGE, LISA WHITE HARDWICK, JUDGE, AND ALOK AHUJA, JUDGE

United Services Automobile Association ("USAA") appeals the judgment denying its motion to set aside the default judgment entered against it on a petition for underinsured motorist coverage filed by Benjamin Metzger ("Metzger"), by and through his next friend and natural mother, Kathryn Metzger. In the default judgment, the court ordered USAA to pay Metzger $900,000. On appeal, USAA contends it was not properly served and, as a result, the judgment was void because: (1) the court lacked personal

jurisdiction, and (2) USAA was denied its due process rights of notice and an opportunity to be heard. USAA further asserts the judgment was void because it stacked Metzger's policy limits in violation of Missouri law and the evidence did not support the damages award. For reasons explained herein, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On November 21, 2016, Metzger, who was under the age of 18, was a passenger in a truck operated by Ethan Carriger in Camden County. Carriger swerved to avoid hitting a deer and drove off the road into a ditch. The truck overturned and struck a tree before landing on its top, which caused Metzger to be ejected. Metzger suffered numerous severe and debilitating injuries and was transported by helicopter to a hospital. After he was admitted to the hospital, he spent 18 days in intensive care and was discharged on December 9, 2016. He was then transferred to an inpatient rehabilitation facility.

Metzger filed his first amended petition against Carriger and USAA on November 2, 2017. In Count I, Metzger asserted a negligence claim against Carriger. In Count II, he asserted a claim for underinsured coverage against USAA, which was Metzger's father's insurance carrier. In this count, Metzger alleged the $50,000 per person liability coverage available under Carriger's policy was insufficient to cover his alleged damages of over $1 million and, therefore, he was entitled to collect the full amount of underinsured coverage available to him under the USAA policy. Metzger asked the court to award him $900,000, which represents $300,000 worth of underinsured coverage for the three premiums paid under the policy to insure three separate vehicles.

2

Pursuant to Section 375.906,[1] a summons was issued for USAA "C/O the Director of Insurance." The summons and a copy of the petition were served on the Director of Insurance ("Director") on November 8, 2017. The Director acknowledged service on behalf of USAA, and the acknowledgement was filed in the circuit court on November 27, 2017.

Carriger filed an answer and a motion for change of venue. The court granted the change of venue. Miller County accepted transfer of the case. In accordance with Metzger's and Carriger's stipulation, the circuit court dismissed Count I against Carriger with prejudice on April 17, 2020.

USAA did not file an answer or otherwise respond to Metzger's petition. Metzger filed a motion for an interlocutory order of default, which the court granted on March 25, 2021. The court then set a hearing date to determine Metzger's damages. In an affidavit filed in support of his damages request, Metzger verified all of the allegations in his petition, described the extent of his injuries and the fact that he continues to suffer from the effects of the traumatic brain injury, and averred that his damages greatly exceed $1 million. On June 30, 2021, the court entered a final judgment in favor of Metzger and against USAA for $900,000.

Two years later, on June 29, 2023, USAA filed a motion to set aside the default judgment under Rule 74.06(b)(4) on the ground that the judgment was void due to improper service of process. USAA asserted the improper service deprived the court of

---

[1] All statutory references are to the Revised Statutes of Missouri 2016.

personal jurisdiction and violated its due process rights to notice and an opportunity to be heard. Metzger filed suggestions in opposition. Following a hearing, the court found USAA failed to meet its burden of proof and denied its Rule 74.06(b)(4) motion to set aside the judgment. USAA appeals.

## STANDARD OF REVIEW

The circuit court's "ruling on a 74.06(b) motion is in the nature of an independent proceeding and is appealable." *Bate v. Greenwich Ins. Co.*, 464 S.W.3d 515, 517 (Mo. banc 2015). Whether a judgment is void on jurisdictional grounds under Rule 74.06(b)(4) is a legal issue, which this court reviews *de novo*. *Id.* "Finality of judgments is favored, and the concept of void judgment is narrowly restricted." *Id.* "A judgment is void under Rule 74.06(b)(4) if the trial court: (1) lacked subject matter jurisdiction, (2) lacked personal jurisdiction, or (3) entered the judgment in a manner that violated due process." *Id.*

## ANALYSIS

In Point I, USAA contends the circuit court erred in not granting its Rule 74.06(b)(4) motion because the judgment was void due to lack of personal jurisdiction. In Point II, USAA asserts the court erred in not granting its Rule 74.06(b)(4) motion because the judgment was void in that its entry violated USAA's due process rights of notice and the opportunity to be heard. The dispositive issue in both points is whether the record shows USAA was properly served.

To invoke a court's jurisdiction, "service of process must conform to the manner established by law." *Bate*, 464 S.W.3d at 517. Metzger argues he served USAA

4

pursuant to Section 375.906. Under this statute, "a foreign insurance company doing business in Missouri must execute an irrevocable power of attorney authorizing the Director to acknowledge or receive service of process on its behalf 'in any action against the company, instituted in any court of this state.'" *Id.* (quoting § 375.906.1). In doing so, the insurer consents that service on the Director constitutes personal service on the company. *Id.* (citing § 375.906.1).

Here, it is undisputed USAA authorized the Director to receive service of all lawful process on its behalf and the Cole County Sheriff's office served a summons and copy of Metzger's first amended petition on the Director. In its motion to set aside the default judgment, USAA acknowledged both that "the Director of Insurance received process from the Cole County Sheriff" and that Metzger "properly filed notice of service of process on the [Director] as required by statute." USAA argues service was improper because of what happened *after* the Director received the process.

Once the Director is served process on the insurance company's behalf, the Director must forward the process "to the secretary of the company, or, in the case of an alien company, to the United States manager or last appointed general agent of the company in this country." § 375.906.5. After the Director was served in this case on November 8, 2017, the Director swore in an affidavit that she sent a copy of the process by certified mail on November 14, 2017, to USAA's last appointed general agent, CT Corporation System. USAA argues, however, that in November 2017, CSC-Lawyers Incorporating Service Company, not CT Corporation System, was its last appointed general agent and as a result, it never received the process. USAA insists the Director

5

failed to send the process to the correct general agent, and this rendered Metzger's service of process invalid.

We need not decide this issue because USAA failed to support any of these allegations. As the movant, USAA bore the burden of proving the lack of personal jurisdiction and the denial of its procedural due process rights. *Ground Freight Expeditors, LLC v. Binder*, 407 S.W.3d 138, 141 (Mo. App. 2013). A motion to set aside a default judgment is not self-proving and must be verified or otherwise supported by affidavits or sworn testimony. *Id.* "It is not sufficient to attach hearsay testimonial documentation in support of a motion to set aside default judgment as such testimony is unsworn and, thus, lacks the authenticity of sworn live testimony or affidavit testimony." *Agnello v. Walker*, 306 S.W.3d 666, 673 (Mo. App. 2010).

USAA did not attach any affidavits to support its unverified Rule 74.06(b)(4) motion but instead attached several unauthenticated hearsay documents. Although the docket sheet indicates a hearing was held on USAA's motion, no transcript of the hearing was provided in the record on appeal, and Metzger represents in his brief that no evidence was presented during the hearing. USAA's bare assertion, two years after the default judgment was entered, that it was not properly served was not self-proving.[2] USAA failed to provide the circuit court with any evidence to satisfy its burden of proving the

---

[2] The necessity of sworn testimony, either live or by affidavit, is readily apparent in this case. While the unauthenticated hearsay documents attached to USAA's motion indicate CT Corporation System was no longer USAA's general agent and the Director was aware of this change, the unauthenticated hearsay documents attached to Metzger's suggestions in opposition to the motion indicate the Director's records continued to identify CT Corporation System as USAA's general agent when the Director was served.

default judgment was void. *Ground Freight Expeditors*, 407 S.W.3d at 144. Points I and II are denied.

In Point III, USAA contends the circuit court erred in not setting aside the default judgment because the judgment was void in that it stacked Metzger's policy limits in violation of Missouri law. In Point IV, USAA argues the court erred in not setting aside the default judgment because the judgment was void in that it was not based on evidence supporting the damages awarded.

USAA did not include these arguments in its motion to set aside the default judgment. In fact, nothing in the record before us indicates these arguments were presented to the circuit court in any form at any time. Appellate courts do not consider arguments not presented to the circuit court and made for the first time on appeal. *Xtra Lease, LLC v. Pigeon Freight Servs., Inc.*, 662 S.W.3d 309, 314 (Mo. App. 2023). "Simply put, a party cannot rely on one theory to set aside a judgment before the trial court then, when unsuccessful, rely upon a different theory on appeal." *Id.* (citation omitted).

Furthermore, neither of these arguments constitutes a ground upon which to set aside a default judgment under Rule 74.06(b)(4). USAA's assertions that Missouri law does not allow stacking and that the evidence does not support the damages award are merits defenses disguised as procedural due process arguments. *See Bate*, 464 S.W.3d at 518-19. "[A] judgment is not 'void' merely because it is alleged to be erroneous." *Albu Farms, LLC v. Pride*, 685 S.W.3d 458, 494 (Mo. App. 2023). While USAA could have raised these arguments if it had appeared to defend the suit or filed a Rule 74.05(d)

7

motion within one year after the entry of the default judgment, the arguments are not proper under a Rule 74.06(b)(4) motion to challenge personal jurisdiction or procedural due process due to allegedly invalid service of process. *See Bate*, 464 S.W.3d at 518-19. Points III and IV are denied.

**CONCLUSION**

The judgment is affirmed.

LISA WHITE HARDWICK, JUDGE

All Concur.